Thomas A. PEEL, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 76A05–1012–CR–809.

Court of Appeals of Indiana.

July 7, 2011.

---

Hugh N. Taylor, Hugh N. Taylor, P.C., Auburn, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ann L. Goodwin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Thomas A. Peel appeals the trial court's denial of his motion to withdraw his guilty plea. Peel raises a single issue for our review, namely, whether the trial court abused its discretion when it denied Peel's motion. We hold that the court did not abuse its discretion in denying Peel's motion and, therefore, we affirm the court's judgment.

### FACTS AND PROCEDURAL HISTORY

On May 4, 2009, the State charged Peel with nonsupport of a dependent, as a Class C felony, based on Peel's child support arrearage in excess of $15,000. In September of 2009, the State amended its information to reflect an increase in the arrearage to a total of more than $22,000.

On August 2, 2010, Peel pleaded guilty to the trial court pursuant to a written plea agreement.[1] Upon the submission of the plea agreement to the trial court, the court engaged Peel in a series of questions and answers. The court verified the terms of the plea agreement with Peel as well as the factual basis for the plea. The court

informed Peel of, and Peel acknowledged his understanding of, various rights that he would surrender by pleading guilty. And the court confirmed that Peel's plea of guilty was being made knowingly, intelligently, and voluntarily. At the conclusion of the guilty plea hearing, the court took Peel's plea under advisement and set a date for the sentencing hearing.

After a motion to continue filed by Peel, the court held the sentencing hearing on December 8, more than four months after the guilty plea hearing. At the commencement of the sentencing hearing, Peel's counsel orally moved to withdraw Peel's guilty plea. According to Peel's counsel:

Mr. Peel has been insistent almost since the day that he was released that he felt coerced and that he was not making a rational decision when he entered into this plea. And the reason he entered into it is because his cellmate had committed suicide and this was a very traumatic event and that as a result of that he signed a plea he wouldn't have otherwise signed. And now that he is past that event he now believes that this . . . plea . . . is not in his best interest and would prefer that this matter proceed to trial and would like to withdraw his plea because he was under extreme stress and duress at the time he entered into it. Not from the State of Indiana but because of the circumstances. . . .

Transcript at 13. The State responded thusly:

It appears to the State that . . . this [is a] method by which to further delay the proceedings in this matter. It appears that there are no grounds whatsoever for . . . withdrawing the plea. There's been no evidentiary showing of coercion by anyone or any mindset, there's merely the . . . assertion of that. It's the

1. Peel's counsel has not included a copy of the plea agreement in the record on appeal.

State's opinion that we should go forward....

*Id.* at 14. The court denied Peel's motion and heard arguments on sentencing, after which the court entered its judgment of conviction and sentence. The court then issued a written order confirming its denial of Peel's motion to withdraw his plea. In that order, the court concluded that the denial of Peel's motion was appropriate under Indiana Code Section 35–35–1–4(b). This appeal ensued.

## DISCUSSION AND DECISION

■ Peel contends that the trial court abused its discretion when it denied his motion to withdraw his guilty plea. Specifically, Peel asserts that Indiana Code Section 35–35–1–4(b) does not apply to his motion to withdraw because when he made his motion the court had not yet entered judgment on his plea. We cannot agree.

Section 35–35–1–4(b) states as follows:

*After entry of a plea of guilty,* or guilty but mentally ill at the time of the crime, but before imposition of sentence, the court may allow the defendant by motion to withdraw his plea of guilty, or guilty but mentally ill at the time of the crime, for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. *The motion* to withdraw the plea of guilty or guilty but mentally ill at the time of the crime made under this subsection *shall be in writing and verified. The motion shall state facts in support of the relief demanded,* and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea of guilty, or guilty but mentally ill at the time of the crime, whenever the defendant

proves that withdrawal of the plea is necessary to correct a manifest injustice.

(Emphases added.) And, as discussed by our supreme court:

Indiana Code § 35–35–1–4(b) governs motions to withdraw guilty pleas. *After a defendant pleads guilty but before a sentence is imposed,* a defendant may motion to withdraw a plea of guilty. *Id.* The court must allow a defendant to withdraw a guilty plea if "necessary to correct a manifest injustice." *Id.*

By contrast, the court must deny the motion if withdrawal of the plea would "substantially prejudice[ ]" the State. *Id.* In all other cases, the court may grant the defendant's motion to withdraw a guilty plea "for any fair and just reason." *Id.*

A trial court's ruling on a motion to withdraw a guilty plea "arrives in this Court with a presumption in favor of the ruling." *Coomer v. State,* 652 N.E.2d 60, 62 (Ind.1995). We will reverse the trial court only for an abuse of discretion. *Id.* In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made by the defendant at his guilty plea hearing to decide whether his plea was offered "freely and knowingly." *Id.*

*Brightman v. State,* 758 N.E.2d 41, 44 (Ind.2001) (emphasis added, footnotes omitted, alteration original).

Peel's argument interprets Indiana Code Section 35–35–1–4(b) to apply only after the "entry of judgment" on a guilty plea. But the plain statutory language is broader than Peel suggests, and it applies anytime "[a]fter entry of a plea of guilty." I.C. § 35–35–1–4(b). In this context, "entry" means "[t]he placement of something before the court...." Black's Law Dictionary 554 (7th ed.1999). That is, a defendant enters a guilty plea when he offers it

to the court.[2] *See Brightman,* 758 N.E.2d at 44; *see also* I.C. § 35–35–3–3(a) ("The plea agreement shall be shown as filed, and if its contents indicate that the prosecuting attorney anticipates that *the defendant intends to enter a plea of guilty* to a felony charge, the court shall order the presentence report ... and may hear evidence on the plea agreement.") (emphasis added).

Peel's argument on this issue confuses the "entry" of a guilty plea and the trial court's subsequent "acceptance" of that plea. As this court has discussed, those "are two distinct stages of the plea process." *Turner v. State,* 843 N.E.2d 937, 941 (Ind.Ct.App.2006). "Indeed, our supreme court has recognized for over two decades that 'court permission is required to withdraw a guilty plea, even when the plea has not been accepted and the withdrawal request is based upon a protestation of innocence.'" *Id.* (quoting *Carter v. State,* 739 N.E.2d 126, 131 (Ind.2000)).

 Accordingly, and contrary to his sole argument on appeal, Indiana Code Section 35–35–1–4(b) applied to Peel's motion to withdraw his guilty plea. Under the requirements of that statute, to withdraw his guilty plea Peel was required to tender a written, verified motion that presented specific facts to support the withdrawal of the guilty plea. "A defendant's failure to submit a verified, written motion to withdraw a guilty plea generally results in waiver of the issue of wrongful denial of the request." *Carter v. State,* 739 N.E.2d 126, 128 n. 3 (Ind.2000). It is undisputed that Peel did not tender a proper writing to the trial court. As such, he has waived

the issue of whether the trial court wrongfully denied his request.[3]

Affirmed.

ROBB, C.J., and CRONE, J., concur.

---

**2.** It is of no moment that "[n]either the content of the plea agreement, the presentence report, nor the hearing shall be a part of the official record of the case unless the court approves the plea agreement." I.C. § 35–35–3–3(b). According to that statute, the defendant's entry of his guilty plea only becomes a part of the official record of the case if the court approves it.

**3.** We also note that Peel does not argue that his motion to withdraw his guilty plea was necessary to correct a manifest injustice.