**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**STEVEN KNECHT**
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana



FILED
Jan 31 2012, 9:27 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RONALD D. TIEDE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 91A04-1105-CR-248 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WHITE SUPERIOR COURT
The Honorable Robert B. Mrzlack, Judge
Cause Nos. 91D01-1007-FB-90
91D01-1103-FD-39
91D01-1103-FD-42

**January 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Pursuant to a plea agreement, Ronald Tiede pleaded guilty to two counts of dealing in methamphetamine, both Class B felonies, Ind. Code § 35-48-4-1.1 (2006); possession of methamphetamine, a Class D felony, Ind. Code § 35-48-4-6.1 (2006); resisting law enforcement, a Class D felony, Ind. Code § 35-44-3-3 (2010); and criminal mischief, a Class D felony, Ind. Code § 35-43-1-2 (2007). He now appeals the trial court's denial of his motion to withdraw his guilty pleas to the two counts of dealing in methamphetamine. He also appeals the trial court's modification of the sentence contained in his plea agreement.

We affirm.

## ISSUES

Tiede presents one issue for our review, which we restate as two:

I. Whether the trial court abused its discretion by denying his motion to withdraw his guilty pleas?

II. Whether the trial court abused its discretion by modifying the sentence set forth in the plea agreement?

## FACTS AND PROCEDURAL HISTORY

In July 2010, Tiede was charged with two counts of dealing in methamphetamine in Cause No. 91D01-1007-FB-90 ("FB-90"). Subsequently, in March 2011, Tiede was charged with possession of methamphetamine in Cause No. 91D01-1103-FD-39 ("FD-39") and with resisting law enforcement, criminal mischief, and criminal recklessness in Cause No. 91D01-1103-FD-42 ("FD-42"). Tiede entered into a plea agreement that

2

encompassed all three causes and required him to plead guilty to both counts in FB-90, the single count in FD-39, and resisting law enforcement and criminal mischief in FD-42. In exchange, Tiede was to receive a sentence of twelve years executed on each count in FB-90, to be served concurrently; three years, all suspended, in FD-39, with three years of formal probation consecutive to FB-90; and three years on each count in FD-42, executed and concurrent to each other but consecutive to FB-90 and FD-39, for an aggregate sentence of eighteen years with fifteen years executed and three years suspended. On March 11, 2011, Tiede pleaded guilty pursuant to the plea agreement, and, when asked by the trial court if he was currently on probation, Tiede responded that he was not. Tr. p. 14. The trial court took Tiede's pleas under advisement and set a date for sentencing.

Meanwhile, Tiede filed a motion to withdraw his guilty pleas to the two counts in FB-90. Following a hearing, Tiede's motion to withdraw his guilty pleas was denied by the trial court. Further, once the presentence investigation was completed, it was discovered that Tiede was currently on probation, making the fully suspended sentence in FD-39 impermissible. In light of that, at sentencing the trial court accepted the plea agreement but modified the sentence provided for in the agreement. Tiede now appeals the trial court's denial of his motion to withdraw his guilty pleas in FB-90 and the trial court's modification of the sentence set forth in the plea agreement.

DISCUSSION AND DECISION

I. MOTION TO WITHDRAW GUILTY PLEAS

3

Tiede contends that the trial court abused its discretion by denying his motion to withdraw his guilty pleas to the two counts of dealing in methamphetamine in FB-90. Indiana Code section 35-35-1-4(b) (1983) governs motions to withdraw guilty pleas. After a defendant pleads guilty but before a sentence is imposed, a defendant may move to withdraw a plea of guilty. *Id.* The court must allow a defendant to withdraw a guilty plea if necessary to correct a manifest injustice. *Id.* However, the court must deny the motion if withdrawal of the plea would substantially prejudice the State. *Id.* In all other cases, the court may grant the defendant's motion to withdraw a guilty plea for any fair and just reason. *Id.* Indiana Code section 35-35-1-4(b) requires a defendant to state facts in his motion in support of the relief demanded.

A trial court's ruling on a motion to withdraw a guilty plea is cloaked in a presumption of propriety on appeal. *Peel v. State*, 951 N.E.2d 269, 271 (Ind. Ct. App. 2011). We will reverse the trial court only for an abuse of discretion. *Id.* To determine whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made by the defendant at his guilty plea hearing to decide whether his plea was offered freely and knowingly. *Id.*

Tiede's motion to withdraw his guilty pleas pertained only to the two counts of dealing in methamphetamine in FB-90. He claimed in his motion that he did not believe he "factually committed the offense[s]" to which he pleaded and that he did not believe the pleas were knowingly and voluntarily made. Appellant's App. p. 34. At the hearing on his motion, Tiede testified that he is not guilty of the offenses to which he pleaded.

4

Referring to his plea hearing, he stated, "I don't think I was in my right state of mind, even though I said I was, I don't think I was in my right state of mind." Tr. p. 29. He explained that he believed the methamphetamine had an effect on his thought process at the plea hearing even though he had been in jail for four days prior to his hearing and had not used methamphetamine during that time. On cross-examination, the State asked Tiede if he had understood the nature of the charges against him, his rights, and the rights he was giving up by pleading guilty with regard to the offenses in FD-39 and FD-42. Tiede responded affirmatively. The State then questioned Tiede as to how, on the same day at the same time, he understood everything the court explained to him and voluntarily and knowingly pleaded guilty with regard to FD-39 and FD-42 but did "not understand what was going on in FB-90." *Id.* at 33. To this, Tiede responded, "That, I'm not sure of." *Id.* at 34.

The transcript of the guilty plea hearing reveals that Tiede gave lucid, appropriate responses to each question posed to him. He testified under oath that he was not under the influence of alcohol, drugs, or medication, that he understood the rights he was giving up by pleading guilty, that he understood the charges against him, that he did commit the offenses, and that his pleas of guilty were his own free and voluntary acts. Thus, Tiede has not established that the withdrawal of his pleas is necessary to correct a manifest injustice. The trial court acted within its discretion by denying Tiede's motion to withdraw his guilty pleas.

## II. MODIFICATION OF PLEA AGREEMENT

5

Tiede also argues that the trial court abused its discretion by modifying the sentence set forth in the plea agreement. He claims that, based upon the illegal sentence contained in the plea agreement, the trial court should have either granted his motion to withdraw his guilty plea or rejected the plea agreement.

The terms of the plea agreement were as follows:

| CAUSE | OFFENSE(S) PLEADED TO | SENTENCE |
|---|---|---|
| FB-90 | 2 counts Class B felony dealing in methamphetamine | 12 years executed on each count, concurrent |
| FD-39 | 1 count Class D felony possession of methamphetamine | 3 years, all suspended, and 3 years of formal probation, consecutive to FB-90 |
| FD-42 | 1 count Class D felony resisting law enforcement and 1 count Class D felony criminal mischief | 3 years executed on each count; concurrent to each other and consecutive to FB-90 and FD-39 |

Thus, the plea agreement called for an aggregate sentence of eighteen years with fifteen years executed and three years suspended. At Tiede's plea hearing, he informed the court that he was not on probation; however, the presentence investigation revealed that Tiede was, in fact, on probation. At the sentencing hearing, the court and counsel addressed this issue because, pursuant to Indiana Code section 35-50-2-2(b)(3) (2008),[1] Tiede's

---

[1] Indiana Code section 35-50-2-2(b)(3) provides:

> (b) [W]ith respect to the following crimes listed in this subsection, the court may suspend only that part of the sentence that is in excess of the minimum sentence . . . :
>     . . . .
>     (3) The crime committed was a Class D felony and less than three (3) years have elapsed between the date the person was discharged from probation, imprisonment, or parole, whichever is later, for a prior unrelated felony conviction and the date the person committed the Class D felony for which the person is being sentenced.

probation prevented a fully suspended sentence in FD-39 as called for in the plea agreement. To resolve this issue, the trial court modified the plea agreement. Once modified, the terms of the plea agreement are as follows:

| CAUSE | OFFENSE(S) PLEADED TO | SENTENCE |
|---|---|---|
| FB-90 | 2 counts Class B felony dealing in methamphetamine | 12 years executed on each count, concurrent |
| FD-39 | 1 count Class D felony possession of methamphetamine | 3 years with 1 ½ years executed and 1 ½ years suspended, consecutive to FB-90 |
| FD-42 | 1 count Class D felony resisting law enforcement and 1 count Class D felony criminal mischief | 3 years with 1 ½ years executed and 1 ½ years suspended on each count, concurrent to each other and consecutive to FB-90 and FD-39 |

Just as the original plea agreement, the modified plea agreement resulted in an aggregate sentence of eighteen years with fifteen years executed and three years suspended.

First, we note that the illegality of the sentence as a basis to withdraw Tiede's guilty pleas was neither raised in his written motion to withdraw nor presented in the evidence or argument at the hearing on his motion. Furthermore, we have already determined that Tiede failed to establish that withdrawal of his pleas was necessary to correct a manifest injustice and that the trial court acted within its discretion by denying Tiede's motion to withdraw his guilty pleas in FB-90.

We now turn to his allegation that the trial court abused its discretion by accepting the plea agreement and modifying its sentencing terms. Once a court accepts a plea

7

agreement, the court is bound by the terms of the agreement. *Ennis v. State*, 806 N.E.2d 804, 809 (Ind. Ct. App. 2004) (citing *Bennett v. State*, 802 N.E.2d 919, 921-22 (Ind. 2004)). This rule is tempered by the rule that a trial court has the power to vacate an illegal sentence and impose a proper one, regardless of whether the sentencing error occurred following a trial or a guilty plea. *Id.*

Here, the sentence contemplated in Tiede's plea agreement would have violated Indiana Code section 35-50-2-2(b)(3) because the agreement called for the sentence in FD-39 to be fully suspended. Due to Tiede's status as a probationer, the sentence in FD-39 could not be fully suspended, thereby causing the sentence in the plea agreement to be illegal. Thus, the trial court was within its discretion to vacate the illegal sentence and impose a proper sentence that complies with statutory requirements. *See Fields v. State*, 825 N.E.2d 841, 848 (Ind. Ct. App. 2005) (holding that trial court did not err when it modified Fields' sentence to comply with statutory requirements even though modification was inconsistent with plea agreement), *trans. denied*. Moreover, Tiede received the same sentence that he had bargained for in the original plea agreement. In modifying Tiede's sentence, the trial court noted:

> I see the agreement as a total time of 18 years, and this is written in the plea agreement, "Total time 18 years, 15 executed, three suspended." After that agreement was entered into, it was determined that one of the offenses could not be completely suspended. So, I believe that it would be appropriate for the Court to adjust the sentence in FD-39 and FD-42 to comply with the intent of the parties, which was to involve a sentence wherein the defendant would receive an 18-year sentence with 15 years executed and three years suspended. And the manner in which the executed and suspended time would be adjusted to comply with Indiana law and to

essentially comply with the intent of the parties with respect to the plea agreement[ ].

Tr. p. 52. Tiede's sentence, as modified by the trial court, resulted in exactly the same aggregate sentence of eighteen years with fifteen years executed and three years suspended as called for in the original plea agreement. We find no error.

CONCLUSION

Based upon the foregoing, we conclude the trial court did not abuse its discretion in denying Tiede's motion to withdraw his guilty pleas and in modifying the sentence provided for in Tiede's plea agreement in order that it comply with statutory requirements.

Affirmed.

BAKER, J., and MATHIAS, J., concur.