Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**DAVID W. STONE IV**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Sep 26 2012, 9:16 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRANDON KING, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1202-CR-90 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Rudolph R. Pyle III, Judge
Cause Nos. 48C01-1103-FB-522, 48C01-1108-FC-1576, 48C01-1104-FB-700

**September 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

After Brandon King ("King") pleaded guilty to five felonies under three cause numbers, he appeals, raising the following restated issue: whether the trial court abused its discretion when it denied King's request at his sentencing hearing to withdraw his guilty pleas.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 24, 2011, the State charged King under cause number 48C01-1103-FB-522 ("Cause No. 522") with Class B felony burglary[1] and Class D felony theft,[2] stemming from a residential break-in involving King and other individuals, where one or more of them kicked open the door to a home and stole coins, jewelry, and a camera, and with Class D felony possession of a controlled substance,[3] because King was in possession of his grandmother's prescription Hydrocodone when he was apprehended by police. On April 20, 2011, the State charged King under cause number 48C01-1104-FB-700 ("Cause No. 700") with three counts of Class B felony child molesting[4] for engaging in a sexual relationship with a thirteen-year-old female. Four months later, on August 29, 2011, the State charged him under cause number 48C01-1108-FC-1576 ("Cause No. 1576") with one count of Class C felony battery

---

[1] *See* Ind. Code § 35-43-2-1.

[2] *See* Ind. Code § 35-43-4-2(a).

[3] *See* Ind. Code § 35-48-4-7(a).

[4] *See* Ind. Code § 35-42-4-3(a).

resulting in serious bodily injury,[5] after he and other two inmates attacked another inmate in a holding cell and beat him to unconsciousness.

On November 28, 2011, the parties entered into a plea agreement ("the Agreement"), under which King pleaded guilty to all charges in Cause Nos. 522 and 1576 and to one count of child molesting in Cause No. 700. The Agreement capped the possible executed sentence at thirty-five years and waived King's right to appeal his sentence. On that same date, the parties appeared for a guilty plea hearing. At the hearing, the State offered, and the trial court accepted, a factual basis for the charges; King confirmed the accuracy of the facts presented on each charge. The trial court informed King of various rights that he would surrender by pleading guilty. It also advised him of the range of penalties he faced, expressly noting that some sentences could run consecutively and "that means [] one after the other." *Tr.* at 8. King confirmed that he had reviewed the Agreement with his attorney, that he understood it, that it was made voluntarily, and that he had no questions. The trial court took the plea under advisement, requested a pre-sentence investigation report, and set a date for the sentencing hearing.

On January 23, 2012, the parties appeared for the sentencing hearing. After introductions, and prior to commencement of sentencing, King orally moved to withdraw his guilty pleas. After some inquiry, the trial court denied his motion. After receiving evidence and arguments on sentencing, the trial court entered its judgment of conviction and sentence. King now appeals.

---

[5] *See* Ind. Code § 35-42-2-1(a)(3).

**DISCUSSION AND DECISION**

Indiana Code section 35-35-1-4 governs withdrawal of guilty pleas, and it provides in relevant part that after entry of a guilty plea but before sentencing, the trial court "may allow" the defendant to withdraw his guilty plea "for any fair and just reason," unless the State had been substantially prejudiced by reliance on the plea. Ind. Code § 35-35-1-4(b). If, however, the defendant proves that the withdrawal "is necessary to correct a manifest injustice," then the trial court "shall allow" the defendant to withdraw the plea. *Id.* The statute requires that the motion to withdraw the guilty plea "shall be in writing and verified" and must state facts in support of it. *Id.*

At the outset, we note that King's motion to withdraw his plea was oral and not in writing. The State contends that King thereby has waived his claim. The State is correct. "'A defendant's failure to submit a verified, written motion to withdraw a guilty plea generally results in waiver of the issue of wrongful denial of the request.'" *Peel v. State*, 951 N.E.2d 269, 272 (Ind. Ct. App. 2011) (finding Peel waived his claim and quoting *Carter v. State*, 739 N.E.2d 126, 128 n.3 (Ind. 2000)). It is undisputed that King did not submit any form of written motion to the trial court, and therefore, he has waived the issue of whether the trial court improperly denied his request. Waiver notwithstanding, we find no error.

A trial court's ruling on a motion to withdraw a guilty plea is clothed with a presumption in favor of the ruling. *Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995). We review the decision for an abuse of discretion. Ind. Code § 35-35-1-4(b); *Peel*, 951 N.E.2d at 271.

Here, at the beginning of the sentencing hearing, King's counsel brought to the court's attention the fact that his client wished to withdraw his guilty plea on all three pending cases. The trial court questioned King who explained that he desired to withdraw from the Agreement because "I don't think it's a really good plea, sir[.] . . . I'm only twenty, sir. I'm still trying to have a family and everything else and that's too much time for me." *Tr*. at 21. He further explained, "I didn't know it was executed. I didn't know I was gonna do all my time in prison." *Id*. at 22. The trial court explained to King that it was possible that he would get up to thirty-five years of executed time, but it was not mandatory under the Agreement; rather, the placement – whether in-home, work release, probation, or executed time – was open for argument. King also asserted that his trial counsel misled or misinformed him about the number of years of incarceration that he was facing if he went to trial, claiming that his counsel told him 160 years; King's attorney flatly denied that allegation.

The trial court reminded King that at the prior guilty plea hearing they discussed the range of sentences, the factual basis for the charges, and King stated at that time that he understood. The trial court concluded, "What I am hearing today is not manifest in justice [sic]. I'm hearing kind of a buyer's remorse." *Id*. at 24. The trial court denied King's request and proceeded with sentencing. We find no error.

Our Supreme Court addressed a similar claim in *Coomer*, and found no error in the trial court's decision to deny the defendant's request to withdraw his guilty plea. *Coomer*, 652 N.E.2d at 63. There, the defendant asserted that he did not understand he was subjecting himself to a maximum sixty-year prison term. *Id*. at 62. He claimed that he should have been able to withdraw his guilty plea because his trial attorney misinformed him about the

5

possible sentence he faced. *Id*. at 63. The Indiana Supreme Court rejected his argument because "the trial judge clearly explained the penalty range and . . . Coomer indicated he understood[.]" *Id*. Such is the case here, where the trial court carefully and clearly explained to King the possible penalty ranges for Class B and Class C felonies, as well as emphasizing that King could receive up to thirty-five years of imprisonment.

Although, on appeal, King does not expressly argue that his pleas were involuntary, he does mention that he has a learning disability, has a ninth grade education, and was in special education classes at school. Considering his abilities, he argues, "It would seem most unlikely that [he] with his limitations actually was able to understand his potential exposure at the guilty plea hearing." *Appellant's Br*. at 9. We are not unsympathetic, but our review of the record indicates that King's abilities were recognized and sufficiently taken into consideration at the guilty plea phase, where his attorney indicated that he spoke at length not only with King, but with his mother and another family member, to assure that King understood the risks associated with trial, the evidence against him, and the terms of the Agreement. *Tr*. at 5.

Here, King does not assert that he is innocent, that the factual bases were inaccurate, or that his pleas must be withdrawn to cure a manifest injustice. King simply decided it was not a "good plea." *Id*. at 21. Under such circumstances, the trial court was not required to grant his request. *See* Ind. Code § 35-35-1-4. It was discretionary, and we find no abuse of discretion.

Affirmed.

NAJAM, J., and MAY, J., concur.