**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 22 2014, 6:24 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID T.A. MATTINGLY**
Mattingly Legal, LLC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| EDDIE T. CRIDER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1401-CR-11 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Randy J. Williams, Judge
Cause No. 79D01-1304-FA-7

**August 22, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Eddie Crider appeals the trial court's denial of his motion to withdraw his guilty plea. The sole issue presented for our review is whether the trial court abused its discretion in denying the motion. Finding no abuse of discretion, we affirm.

**Facts and Procedural History**

The State filed a ten-count information against Crider after he sold cocaine to an undercover police officer within one thousand feet of a youth program center in Tippecanoe County. A jury trial was scheduled for August 6, 2013. On the day of the scheduled trial, Crider informed his counsel that he wished to plead guilty. The trial court held a guilty plea hearing during which Crider pled guilty to class A felony dealing in cocaine and to being a habitual substance offender. Prior to accepting the guilty plea, the trial court advised Crider of his rights and the penalty range for his crimes. Crider stated that he understood his rights, that he was not forced or threatened by anyone to enter his guilty plea, and that his plea was his own "free choice and decision." Tr. at 10.

Thereafter, on October 4, 23, and 30, 2013, Crider filed motions to withdraw his guilty plea.[1] Crider stated his reasons as follows:

> 4. Defendant had time to reflect on the plea of guilty and desires to withdraw the plea and go to trial in the above-entitled cause for the following fair and just reasons:

---

[1] Although the chronological case summary indicates that Crider filed a motion to withdraw on all three of those dates, Crider's appendix does not include a copy of the motion filed October 30, 2013.

a. Defendant has informed his counsel that he has read various law books and does not believe he is eligible for the habitual substance offender enhancement.

b. The Defendant believes that he was not properly advised by counsel of his legal situation.

5. The State has not been substantially prejudiced by any reliance on the plea.

6. The withdrawal of the plea is necessary to correct manifest injustice.

7. At the time of the guilty plea, Eddie Crider was under extreme emotional distress.

Appellant's App. at 48-49, 53. [2]

The trial court held a hearing on the motion to withdraw on November 1, 2013. Crider testified that he was "under distress" on the morning of trial and that his attorney and the public defender investigator on his case had threatened and coerced him to plead guilty. Tr. at 23. The trial court continued the hearing to November 22, 2013, so that the State could call Crider's attorney, Thomas O'Brien, and the investigator, William Lindblom, as witnesses to refute Crider's claim of coercion. O'Brien subsequently withdrew his appearance and the court appointed a special public defender to appear on Crider's behalf. At the continued hearing, both O'Brien and Lindblom testified that they neither threatened nor coerced Crider to plead guilty. O'Brien testified that, on the morning of trial, he repeatedly informed Crider that he was prepared to proceed to trial but that Crider insisted that he wanted to plead guilty. O'Brien stated that Crider "started yelling" across the courtroom to the deputy prosecutor

---

[2] Crider's second motion to withdraw added paragraph seven. Because Crider's third motion to withdraw was not included in the appendix, we are unaware of how the third motion differs, if at all, from the other two motions.

indicating that he wanted "a deal." *Id*. at 38. The trial court entered its order denying Crider's motion to withdraw on December 6, 2013. Thereafter, the trial court sentenced Crider to a fifty-two-year aggregate executed sentence. This appeal followed.

**Discussion and Decision**

After entry of a plea of guilty, but before imposition of sentence, a trial court "may" allow the defendant by motion to withdraw his plea "for any fair and just reason." Ind. Code § 35-35-1-4(b). The trial court "shall" allow the defendant to withdraw his guilty plea where the defendant proves that withdrawal of the plea is necessary to correct a "manifest injustice." *Id*. However, the trial court "must deny" a motion to withdraw a guilty plea if the withdrawal would result in "substantial prejudice" to the State. *Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995) (citing Ind. Code §35-35-1-4(b)). "Manifest injustice" and "substantial prejudice" are "necessarily imprecise standards" and "[e]xcept under these polar circumstances, disposition of the petition is at the discretion of the [trial] court." *Id*. Accordingly, the trial court's ruling on a motion to withdraw guilty plea arrives in the appellate court with a presumption in favor of the ruling. *Id*. "One who appeals an adverse decision on a motion to withdraw must therefore prove the trial court abused its discretion by a preponderance of the evidence." *Johnson v. State*, 734 N.E.2d 242, 245 (Ind. 2000). We will not disturb the trial court's ruling where it was based on conflicting evidence. *Id*.

Under the facts presented here, Crider has not demonstrated that withdrawal of his plea was necessary to correct a manifest injustice. As our supreme court has stated, "concerns about injustice carry greater weight when accompanied by credible evidence of

4

involuntariness, or when the circumstances of the plea reveal that the rights of the accused were violated." *Coomer*, 652 N.E.2d at 62. Thus, in determining whether the trial court has abused its discretion in denying a motion to withdraw, "we examine the statements made by the defendant at his guilty plea hearing to decide whether his plea was offered 'freely and knowingly.'" *Peel v. State*, 951 N.E.2d 269, 271 (Ind. Ct. App. 2011) (quoting *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001)). Our review of Crider's guilty plea hearing reveals that his plea was offered freely and knowingly, and contrary to his assertion on appeal, we discern no credible evidence that he was coerced or induced to plead guilty or that his plea was otherwise involuntary.[3] Crider has failed to overcome the presumption in favor of the trial court's ruling. We therefore affirm the trial court's denial of Crider's motion to withdraw his guilty plea.

Affirmed.

RILEY, J., and MATHIAS, J., concur.

---

[3] Crider maintains that the "the prospect of losing liberty for such a long period of time would cause any criminal defendant to be under extreme stress" and that such stress could render a "decision to plead guilty involuntary." Appellant's Br. at 11. Crider concedes that there is no authority for this proposition but invites this Court to "expand the scope of the current state of case law" and conclude that the trial court abused its discretion in denying his motion to withdraw. We decline the invitation.