# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 31 2017, 10:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Justin Scott Colvin, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 31, 2017 <br><br> Court of Appeals Case No. <br> 36A05-1701-CR-107 <br><br> Appeal from the Jackson Circuit Court <br><br> The Honorable William E. Vance, Senior Judge <br><br> Trial Court Cause No. <br> 36C01-1412-F1-1 |

**Pyle, Judge.**

# Statement of the Case

Justin Scott Colvin ("Colvin") appeals the trial court's denial of his request to withdraw his guilty plea to Level 2 felony robbery resulting in serious bodily injury[1] and his admission that he was an habitual offender.[2] He argues that the trial court should have granted his request to withdraw his guilty plea because he did not have sufficient time to consider the effect the plea would have on his life. Because Colvin did not submit a written and verified motion to withdraw his plea, we conclude that he has waived his argument. Waiver notwithstanding, we also conclude that Colvin failed to adequately support his motion.

We affirm.

# Issue

Whether the trial court abused its discretion when it denied Colvin's oral motion to withdraw his guilty plea.

# Facts

On December 23, 2014, the State charged Colvin with Level 1 felony burglary,[3] Level 2 felony robbery resulting in serious bodily injury, Level 3 felony

---

[1] IND. CODE § 35-42-5-1(2).

[2] I.C. § 35-50-2-8.

[3] I.C. § 35-43-2-1.

aggravated battery,[4] and Level 3 felony criminal confinement. Subsequently, the State amended Colvin's charges to add a charge of Level 1 felony attempted murder and an allegation that Colvin was an habitual offender.

[4] Almost two years later, on October 27, 2016, Colvin pled guilty pursuant to a written plea agreement with the State to Level 2 felony robbery resulting in serious bodily injury and admitted to being an habitual offender. He and the State agreed that he would serve an aggregate sentence of forty (40) years—thirty (30) years for the Level 2 felony and an enhancement of ten (10) years for the habitual offender adjudication—and that, in exchange for his guilty plea, the State would dismiss the remaining four charges against him. Colvin also signed an advisement of rights form.

[5] That same day, the trial court held a hearing on the guilty plea agreement and confirmed that Colvin had signed both the negotiated plea agreement and the advisement of rights form. The trial court also reviewed the sentencing ranges for the two offenses to which Colvin was pleading guilty and asked if he still wished to proceed with the guilty plea hearing. Colvin said he did, then reviewed the guilty plea agreement and acknowledged that he had agreed to the terms of the agreement. He then established the factual basis for his guilty plea and pled guilty.

---

[4] I.C. § 35-42-2-1.5(2).

[6] On November 30, 2016, the trial court held a sentencing hearing. There, Colvin made an oral motion to withdraw his guilty plea. The State argued that the motion was not validly before the court because a motion to withdraw a guilty plea must be in writing and verified. The State also noted that the guilty plea had been free and voluntary and that the only portion of the agreement that the trial court had taken under advisement was acceptance of the sentencing portion of the agreement. The trial court agreed that it "had nothing before it to consider" and denied the motion to withdraw. (Tr. 17). Thereafter, the trial court sentenced Colvin according to the terms of the plea agreement. Colvin now appeals.

## Decision

[7] On appeal, Colvin argues that the trial court abused its discretion when it denied his motion to withdraw his guilty plea. He acknowledges that he signed the plea agreement and pled guilty at the guilty plea hearing. However, he asserts that the trial court should have granted the motion because he had not had time to adequately consider the effect the plea would have on his life when he entered into the plea agreement with the State.

[8] INDIANA CODE § 35-35-1-4(b) governs the withdrawal of a guilty plea prior to sentencing. It provides:

> [T]he court may allow the defendant by motion to withdraw his plea of guilty . . . for any fair and just reason unless the [S]tate has been substantially prejudiced by reliance upon the defendant's plea. *The motion to withdraw the plea of guilty . . . made under this subsection shall be in writing and verified.* The motion *shall*

*state facts in support of the relief demanded*, and the [S]tate may file counter-affidavits in opposition of the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea of guilty . . . whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

I.C. § 35-35-1-4(b) (emphasis added).

[9] Based on this provision, Indiana courts have noted that "'[a] defendant's failure to submit a verified, written motion to withdraw a guilty plea generally results in waiver of the issue of wrongful denial of the request.'" *Peel v. State*, 951 N.E.2d 269 (Ind. Ct. App. 2011) (quoting *Carter v. State*, 739 N.E.2d 126, 128 n.3 (Ind. 2000)) (finding waiver because Peel made an oral motion to withdraw his guilty plea rather than a verified and written motion). Accordingly, because Colvin did not submit a verified, written motion to withdraw his guilty plea, we conclude that he has waived the issue of the trial court's denial of the request. *See id.*

[10] Waiver notwithstanding, we also conclude that the trial court did not abuse its discretion when it denied Colvin's motion to withdraw the plea agreement because Colvin did not provide any "facts in support of the relief [he] demanded," as required by statute, and, therefore, did not present any facts showing that withdrawal of the plea was necessary to correct a manifest injustice. I.C. § 35-35-1-4(b).

[11] Affirmed.

May, J., and Brown, J., concur.