Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 16 2013, 6:58 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARCE GONZALEZ, JR.**
Dyer, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NICHOLAS JOSEPH BRAY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1210-CR-548 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-1110-FB-97

July 16, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Nicholas Bray appeals the trial court's denial of his motion to withdraw his guilty plea for two counts of child molesting, as Class C felonies. Bray raises one issue on appeal, namely, whether the trial court erred when it denied Bray's motion to withdraw his guilty plea.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

On July 6, 2012, Nicholas Bray pleaded guilty to two counts of child molesting, as Class C felonies, pursuant to a plea agreement. At the initial hearing, Bray told the trial court that he understood his constitutional rights and was not "threatened or placed in fear or given anything of value, other than the terms contained within" the plea deal. Tr. at 5, 8. The plea agreement incorporated a stipulated factual basis, which was attached as an exhibit and recounted Bray's actions. Bray affirmed to the trial court that all the facts in the factual basis were "true and correct." Id. at 8-9. Based on Bray's representation, the trial court found that Bray understood the charges, was freely and voluntarily entering into the plea, and that there was a factual basis for his plea. The trial court then took the guilty plea under advisement.

After requesting a continuance for the sentencing hearing, Bray filed a motion to withdraw his guilty plea. Therein, Bray claimed he was not guilty and had entered into the guilty plea "because he was scared and just simply wanted to get the case resolved." Appellant's App. at 61. When asked by the trial court whether he felt pressure because he was scared of going to trial, Bray testified: "I did ─ I had all the intentions on going

to trial and we set the fast and speedy trial and then I got scared at the last minute as we were getting closer, and I . . . don't know why I took the plea." Tr. at 21-22. Further, Bray stated that he could then assert his innocence because he had the support of his family, which he felt he was missing during the plea negotiations. The court denied Bray's request to withdraw his guilty plea. Bray now appeals.

## DECISION AND DISCUSSION

Bray contends that the trial court erred when it denied his motion to withdraw his guilty plea. As discussed by our Supreme Court:

> Indiana Code Section 35-35-1-4(b) establishes the procedure by which a defendant may petition to withdraw his guilty plea before sentencing. The court is <u>required</u> to grant such a request only if the defendant proves that withdrawal of the plea "is necessary to correct a manifest injustice." <u>Id.</u> The court must <u>deny</u> a motion to withdraw a guilty plea if the withdrawal would result in substantial prejudice to the State. <u>Id.</u> Except under these polar circumstances, disposition of the petition is at the discretion of the court.

<u>Coomer v. State</u>, 652 N.E.2d 60, 61 (Ind. 1995). "Manifest injustice is a necessarily imprecise standard, and an appellant seeking to overturn a trial court's decision faces a high hurdle under the current statute and its predecessors." <u>Id.</u> at 62. A trial court's ruling on a motion to withdraw a guilty plea arrives in this court with a presumption in favor of the ruling. <u>Id.</u> We will reverse the trial court only for an abuse of discretion. <u>See id.</u> Still, concerns about injustice carry greater weight when accompanied by

credible evidence of involuntariness, or when the circumstances of the plea reveal that the rights of the accused were violated. Id. at 62.[1]

The Indiana Supreme Court has identified instances of manifest injustice to include: a defendant not understanding the allegations to which he is pleading guilty; ignorance of the right to trial; no appreciation of the sentencing ramifications of admitting guilt; a misunderstanding of the bargain struck with the State; and the absence of counsel. See id. Here, at the hearing on his motion to withdraw the guilty plea, Bray testified that he was "scared and . . . tired of being in jail, . . .and [the State] gave [him] three days to sign the plea." Tr. at 19. Additionally, Bray asserted that he could plead his innocence because he had the support of his family, which he felt he was missing during the plea negotiations. Bray's assertions that he was scared, tired of being in jail, only had three days to sign the plea, and did not have his family's support do not justify a determination that a manifest injustice has occurred. See Coomer, 652 N.E.2d at 62.

To the extent Bray maintains that his guilty plea was not voluntary, the evidence does not support that contention. Bray told the trial court that he understood the charges, was freely and voluntarily entering into the plea, and that there was a factual basis for his plea. Further, Bray does not claim or direct us to any evidence in the record that his constitutional rights were violated. At the initial hearing, Bray told the court that he understood his constitutional rights and that he was not "threatened or placed in fear or given anything of value, other than the terms contained within" the plea deal. Tr. at 5, 8.

---

[1] The State asserts that Bray waived his right to claim that the denial of withdrawal was a manifest injustice because such a claim was not brought below. We disagree. According to the transcript, there was an understanding among the parties that the reason for the hearing on the withdrawal was based on an allegation of manifest injustice. Tr. at 17-31.

Thus, we cannot say that these facts demonstrate manifest injustice so as to require the trial court to allow Bray to withdraw his guilty plea.

Finally, Bray's proclamation of innocence after he entered the guilty plea, but before the plea was accepted by the court, does not require the court to withdraw the guilty plea. See Carter v. State, 739 N.E.2d 126, 128 (Ind. 2000). As our Supreme Court has stated, "as a matter of law . . . a judge may not accept a plea of guilty when the defendant both pleads guilty and maintains his innocence at the same time." Id. at 129. However, "[t]here is a substantive difference between a defendant who maintains innocence but asks the court to impose punishment without trial, and one who concedes guilt in one proceeding but contradicts that admission by claiming innocence in a later proceeding." Id. at 130. During the guilty plea hearing, Bray repeatedly assured the trial court that he understood what he was doing when he entered the guilty plea and that he did so of his own free will. And, again, Bray stated several times that he entered this plea without fear of threat or any offering of inducements to take the plea. There was no evidence of equivocation from Bray when he accepted the State's deal and pleaded guilty.

"Admissions of guilt and assertions of innocence come in many shades of gray, and the trial judge is best situated to assess the reliability of each." Id. In essence, Bray asks this court to narrow the trial court's normal discretionary authority, which is grounded in both statute and precedent, and to give defendants an absolute right to withdraw guilty pleas prior to formal acceptance. This type of policy "would be an all-too-handy tool for deferring trial . . . and would do little to enhance public respect for the

courts." Id.  On these facts, we cannot say that the trial court abused its discretion when it denied Bray's motion to withdraw his guilty plea.

Affirmed.

BAILEY, J., and BARNES, J., concur.