Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jan 28 2014, 11:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN COLLINS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 15A01-1306-CR-277 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Sally Blankenship, Judge
Cause No. 15D02-1208-FD-431

**January 28, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

MATHIAS, Judge

John Collins ("Collins") pleaded guilty in Dearborn Superior Court to Class D felony auto theft. Collins thereafter filed a motion to withdraw his guilty plea, which the trial court denied. Collins appeals and claims that the trial court abused its discretion in denying his motion to withdraw his guilty plea.

We affirm.

### Facts and Procedural History

On July 26, 2012, during an argument, Collins grabbed his girlfriend, A.D.'s arm, twisted it behind her back, slapped her, and grabbed her by the throat. When A.D. retreated to her bedroom to call the police on her cell phone, Collins followed her, took away her cell phone and shoved her against the door. He threatened A.D., "if I go to jail for this[,] I will f*** your life up." Appellant's App. p. 6. He then threw A.D. to the ground, causing her to hit her head on the floor, left the house, and took A.D.'s car without her permission. Eventually, A.D. convinced Collins to bring the car back to the house so that A.D. could use it to pick up her children from day care. When A.D. arrived at the day care facility, the director of the facility observed A.D.'s injuries resulting from Collins's attack and contacted the police.

On August 3, 2012, the State charged Collins with Count I, Class D felony auto theft; Count II, Class A misdemeanor interference with reporting a crime; and Count III, Class A misdemeanor battery. On August 28, 2012, Collins pleaded not guilty on all three counts.

On November 15, 2012, Collins requested a jury trial. The trial court set trial for February 19, 2013. On the day of trial, February 19, 2013, Collins pleaded guilty to

2

Count I, Class D felony auto theft, pursuant to a plea agreement in which the State agreed to dismiss Counts II and III.

During his guilty plea hearing, Collins admitted to the facts as alleged in the Class D felony auto theft charging information. Importantly, at the hearing, the trial court asked Collins whether he understood that, by pleading guilty, he gave up the "right to a public, speedy trial by jury in the county where the offense was committed, where the State would be required to bring in evidence and prove beyond a reasonable doubt each essential elements of the crime charged before you could be found guilty"; the right to "face all witnesses against you, see, hear, question, cross-examine them, and on your request, the court would issue subpoenas at no cost to you to require witnesses to appear at any hearing in your behalf"; the right to remain silent; the right not to "testify against yourself at any hearing or trial"; and the "right to be heard in your own defense." Tr. p. 12. Collins stated that he understood that he gave up these rights and that he understood the conditions set forth in the plea agreement. Collins further testified that he was satisfied with his counsel's representation and that he freely and voluntarily entered into the plea agreement.

The trial court set the sentencing hearing for March 28, 2013, at Collins's request, and later granted Collins's motion to continue the sentencing hearing. At some point before the sentencing hearing, A.D. contacted Collins's counsel and the deputy prosecutor assigned to the case and recanted her statement that Collins took her car without her permission.

3

On April 25, 2013, Collins filed a verified motion to withdraw guilty plea. The trial court thereafter continued the sentencing hearing and held a hearing on Collins's motion to withdraw his guilty plea on May 16, 2013. At that hearing, Collins acknowledged that he had entered into a plea agreement, that he had been given credit for time already served as a result of the plea agreement, and that he had already admitted to the facts alleged in the Class D auto theft charging information. The trial court denied Collins's motion to withdraw guilty plea and accepted the guilty plea agreement. Pursuant to the plea agreement, the trial court ordered Collins to serve 730 days, with 550 days of Collins's sentence suspended to probation. Collins now appeals.

**Discussion and Decision**

Collins claims that the trial court abused its discretion in denying his motion to withdraw guilty plea. He argues that he "entered into his plea of guilty under a misapprehension of the facts, assuming the State would be able to meet its burden of proof and assuming he could face penalties for three separate crimes." Appellant's Br. at 3. He asserts that "[b]ecause the victim recanted her statement, the State would not have been able to prove his guilt at trial." Id.

Indiana Code section 35-35-l-4(a) provides that:

after entry of a plea of guilty . . . but before imposition of sentence, the court may allow the defendant by motion to withdraw his plea of guilty . . . for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. . . . The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea of guilty . . . whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

4

Our supreme court has held that this statute requires a trial court to grant a request to withdraw a guilty plea where "the defendant proves that withdrawal of the plea 'is necessary to correct a manifest injustice.'" Coomer v. State, 652 N.E.2d 60, 61-62 (Ind. 1995) (citing Ind. Code § 35-35-1-4(b)). On the other hand, a trial court must deny a motion to withdraw a guilty plea if the withdrawal would result in "substantial prejudice" to the State. Id. at 62. "Manifest injustice" and "substantial prejudice" are "necessarily imprecise standards" and "[e]xcept under these polar circumstances, disposition of the petition is at the discretion of the [trial] court." Id. Thus, "the trial court's ruling on a motion to withdraw a guilty plea arrives in this Court with a presumption in favor of the ruling." Id.

Collins argues that a manifest injustice occurred here because he "entered into his plea understanding that A.D. had accused him of stealing her car." Appellant's Br. at 6. He claims that after A.D. recanted her statement, "[c]ircumstances changed drastically between Collins' acceptance of a guilty plea to avoid potentially harsher penal consequences and his sentencing because by the time of sentencing, the State no longer had a viable case against him." Appellant's Br. at 8.

We disagree. Collins cannot demonstrate that the trial court's denial of his motion to withdraw his guilty plea was an abuse of discretion or resulted in a manifest injustice. Collins admitted under oath to the factual allegations supporting the Class D felony auto theft charge brought against him. Before the trial court accepted Collins's guilty plea, it explained to Collins the rights he was giving up and the sentence he was facing by pleading guilty. Collins acknowledged his rights and indicated that he was pleading

5

guilty of his own volition.  Collins knowingly and voluntarily entered into the plea agreement and, because the State fulfilled its end of the bargain, Collins enjoyed the benefit of the agreement.  There was no manifest injustice here.  Therefore, under the facts and circumstances before us, we cannot say that the trial court abused its discretion in denying Collins's motion to withdraw his guilty plea.

### Conclusion

For all of these reasons, we conclude that the trial court did not abuse its discretion by denying Collins's motion to withdraw his guilty plea.

Affirmed.

BRADFORD, J., and PYLE, J., concur.