## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 11 2015, 10:45 am

CLERK
of the supreme court, court of appeals and tax court

ATTORNEY FOR APPELLANT

David T.A. Mattingly
Mattingly Legal, LLC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. BaBbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Terry Lee McCollum,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 11, 2015

Court of Appeals Case No.
79A05-1409-CR-430

Appeal from the Tippecanoe Circuit Court

Honorable Randy J. Williams, Judge

Cause No. 79D01-1310-FB-29

**Friedlander, Judge.**

[1] Terry Lee McCollum appeals from the denial of his motion to withdraw his guilty plea to Possession of Methamphetamine,[1] as a class D felony, and Battery by Means of a Deadly Weapon,[2] a class C felony. McCollum also admitted to being a habitual offender. McCollum presents one issue for our review: Did the trial court abuse its discretion in denying McCollum's request to withdraw his guilty plea?

[2] We affirm.

[3] According to the probable cause affidavit, on June 1, 2013, officers with the Lafayette Police Department were dispatched to a residence in response to a reported stabbing. When officers arrived at the location, they found the victim, Jason Menk, lying on a couch with a stab wound to his lower abdomen. Menk told the officers that McCollum had stabbed him. After Menk was transported to and treated at the hospital, he informed the officers that he had known McCollum for a long time and that he had recently been permitting McCollum and his girlfriend to stay at his home. On this particular day, however, Menk had told McCollum and his girlfriend that they could not stay at his home. At

---

[1] Ind. Code Ann. § 35-48-4-6.1(a) (West, Westlaw 2013). Effective July 1, 2014, this offense has been reclassified as a Level 6 felony. *See* Ind. Code Ann. § 35-48-4-6.1 (West, Westlaw current with P.L. 1-2015 to P.L. 60-2015 of the First Regular Session of the 119th General Assembly with effective dates through April 23, 2015). Because McCollum committed this offense prior to that date, it retains its prior classification as a class D felony.

[2] Ind. Code Ann. § 35-42-2-1 (b)(1), (f)(2) (West, Westlaw 2013). Effective July 1, 2014, this offense has been reclassified as a Level 5 felony. *See* Ind. Code Ann. § 35-42-2-1 (West, Westlaw current with P.L. 1-2015 to P.L. 60-2015 of the First Regular Session of the 119th General Assembly with effective dates through April 23, 2015). Because McCollum committed this offense prior to that date, it retains its prior classification as a class C felony.

some point later that day, Menk and his girlfriend left the home. When they returned, they found McCollum and his girlfriend asleep. Menk was upset that McCollum and his girlfriend had entered his home without permission, so he woke them up and told them to leave. A scuffle ensued, and McCollum stabbed Menk in his side. McCollum and his girlfriend then gathered their belongings and left Menk's residence.

[4] Police officers received a report from someone in the vicinity of Menk's residence who stated that a man and a woman had run through his backyard. Officers found some bags in that individual's backyard that contained items that were determined to be related to a methamphetamine lab, including reaction vessels containing liquid that was later determined to contain ammonia and methamphetamine. A canine was used to track where the man and woman had fled, and ultimately tracked their movements to a residence a short distance away, where several more bags were found abandoned. One bag contained men's clothing, knives, baggies that contained a substance that field-tested positive for methamphetamine, coffee filters with a methamphetamine residue, and paraphernalia. Another bag had women's clothing and a bible that had the name of McCollum's girlfriend inside, among other items.

[5] Police officers eventually spoke with McCollum's girlfriend on August 26, 2013, and she informed them that around the time of the incident involving Menk, she and McCollum had been using methamphetamine almost every day and that McCollum had been manufacturing methamphetamine. She stated that after the altercation with Menk, she helped McCollum clean up his

methamphetamine lab by placing items in bags, which they then left in a nearby yard. When asked about the knife McCollum used to stab Menk, she told the officer's where McCollum had stashed it. Police recovered a knife like the one used to stab Menk in the location identified by McCollum's girlfriend.

[6] On October 30, 2013, the State charged McCollum with possession of methamphetamine, a class B felony; battery by means of a deadly weapon, a class C felony; and criminal recklessness while armed with a deadly weapon, a class D felony. The State later alleged that McCollum was a habitual substance offender and a habitual offender. On April 17, 2014, McCollum entered into a plea agreement with the State whereby he agreed to plead guilty to an amended charge of possession of methamphetamine as a class D felony and battery by means of a deadly weapon as a class C felony. McCollum also agreed to admit to being a habitual offender. The plea agreement provided that all remaining counts would be dismissed, that an additional charge would not be added, and that the executed portion of McCollum's sentence would be between fourteen and eighteen years in the Department of Correction. McCollum also waived his right to appeal his sentence. At a guilty plea hearing that same day, the trial court took the plea agreement under advisement.

[7] On June 11, 2014, McCollum's counsel filed a motion to withdraw his appearance on behalf of McCollum. Six days later, June 17, McCollum, pro se, filed a verified motion for withdrawal of guilty plea, asserting his belief that he is innocent of the crimes to which he pleaded guilty. The trial court held a hearing on McCollum's motion for withdrawal on June 19, 2014. During the

hearing, McCollum testified that he had concerns about his attorney's representation of him. McCollum specifically testified that he believed his attorney created a conflict of interest by demanding a large sum of money from his father to continue with the representation. McCollum further explained to the court that he felt his attorney misrepresented to him his chances at trial and that he felt pressured to plead guilty. McCollum also testified that he was not in his right mind when his defense counsel provided him with the plea agreement because he had a tooth pulled that day. McCullom asked the trial court if he could be allowed to seek a second opinion from a different attorney as to whether he was "truly guilty or not." *Id*. at 30.

[8]     On June 20, 2014, the trial court issued an order denying McCollum's request to withdraw his guilty plea and granting defense counsel's request to withdraw his appearance. The trial court also ordered that new counsel be appointed to represent McCollum. The court thereafter conducted a sentencing hearing on August 19, 2014, and sentenced McCollum to eight years for the class C felony battery conviction and enhanced such sentence by eight years for McCollum's status as a habitual offender. The trial court imposed a consecutive two-year sentence for the class D felony possession of methamphetamine conviction, for an aggregate sentence of eighteen years. The court ordered McCollum to serve sixteen years in the Department of Correction and suspended two years to probation.

[9]     After a guilty plea is entered, but before a sentence is imposed, a defendant may move to withdraw his guilty plea for any fair and just reason unless the State

has been substantially prejudiced by its reliance upon the plea. Ind. Code Ann. § 35-35-1-4(b) (West, Westlaw current with P.L. 1-2015 to P.L. 60-2015 of the First Regular Session of the 119th General Assembly with effective dates through April 23, 2015); *Brightman v. State*, 758 N.E.2d 41 (Ind. 2001). A defendant shall be permitted to withdraw a plea of guilty whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice. I.C. § 35-35-1-4(b).

[10] A trial court's ruling on a motion to withdraw a guilty plea arrives in this court with a presumption in favor of the ruling. *Coomer v. State*, 652 N.E.2d 60 (Ind. 1995). A trial court's ruling is reviewable on appeal only for an abuse of discretion. I.C. § 35-35-1-4(b); *Coomer v. State*, 652 N.E.2d 60.

[11] On appeal, McCollum argues that the trial court abused its discretion in denying his motion to withdraw his guilty plea. McCollum asserts two bases upon which the trial court should have granted his request for withdrawal of his guilty plea: (1) insufficient factual basis[3] and (2) his guilty plea was not knowingly and voluntarily made.

[12] With regard to his first argument, we note that a trial court cannot accept a guilty plea unless there is an adequate factual basis for the plea. *See* I.C. § 35-35-1-3(b) (West, Westlaw current with P.L. 1-2015 to P.L. 60-2015 of the First

---

[3] Although McCollum did not make this argument to the trial court in support of his motion to withdraw his guilty plea, we nevertheless choose to address it.

Regular Session of the 119th General Assembly with effective dates through April 23, 2015). The purpose of the factual basis requirement is to ensure that a person who pleads guilty is truly guilty. *Butler v. State*, 658 N.E.2d 72 (Ind. 1995). The presentation of facts need not prove guilt beyond a reasonable doubt. *Graham v. State*, 941 N.E.2d 1091 (Ind. Ct. App. 2011). A factual basis may be established by relatively minimal evidence about the elements of the crime from which the court could reasonably conclude that the defendant is guilty. *Id*. A trial court's finding of an adequate factual basis is presumptively correct. *Id*.

[13] Here, the factual basis for the offenses was established by defense counsel's questioning of McCollum during the April 17 guilty plea hearing. With regard to his possession of methamphetamine conviction, McCollum agreed that on June 1, 2013, he possessed methamphetamine, that he knew he possessed it, and that he lacked a prescription. During follow-up questioning by the State, McCollum unequivocally stated, "I know it was methamphetamine," but he also expressed confusion about knowing the difference between "pure or adulterated methamphetamine." *Transcript* at 19. When asked a third time whether he possessed methamphetamine, McCollum responded, seemingly in a snide manner, that he was "pretty sure" the substance he possessed was methamphetamine. *Id.* Having reviewed the record, we do not find McCollum's response to repeated questioning on the subject that he was "pretty sure" he possessed methamphetamine to be a qualification of his numerous, unequivocal statements that he knowingly possessed methamphetamine as

charged. The trial court did not abuse its discretion in finding that an adequate factual basis existed for McCollum's guilty plea to class D felony possession of methamphetamine.

[14] With regard to the factual basis for his battery conviction, McCollum focuses his argument on his statement that he was running from Menk and that he "wasn't being rude." *Id*. at 12. McCollum maintains that this statement calls into question his actual guilt.

[15] We are not persuaded by McCollum's argument. Upon questioning by defense counsel, McCollum agreed that on June 1, 2013, he got into an altercation with Menk and that he stabbed him one time with a knife. McCollum's counsel asked him, "And you hit---you stabbed him, I guess that, you did it in a rude, insolent or angry manner?" to which McCollum responded, "It was an altercation, yes." *Id.* at 16. McCollum also acknowledged that the knife was a deadly weapon. Upon questioning by the court, McCollum agreed that he knowingly or intentionally touched Menk in a "rude, insolent or angry manner," that is, in a "not for fun" way, with the knife, which he again affirmed was a deadly weapon, and that such touching resulted in bodily injury to Menk. *Id*. at 23-24. By acknowledging that there was an altercation with Menk, McCollum stated facts from which a reasonable inference could be drawn that he touched Menk in a rude, insolent, or angry manner. Moreover, when the trial court sought to clarify McCollum's factual basis, McCollum agreed that he touched Menk in a "not for fun" way with a knife. The court could therefore have concluded that the stabbing was not an accident, but rather

was done in a rude, insolent, or angry manner during an altercation. The record clearly establishes an adequate factual basis to support McCollum's guilty plea to class C felony battery by means of a deadly weapon.

[16] We now turn to McCollum's second argument, i.e., that his guilty plea was not knowing and voluntary. McCollum maintains that he was pressured to make a decision, that he received conflicting information from his attorney, and that he was "not in his right mind" on the day of the guilty plea hearing. *Appellant's Brief* at 14. To determine whether a defendant's plea was knowingly and voluntarily made, this court will examine the defendant's statements at the plea hearing. *Brightman v. State*, 758 N.E.2d 41 (Ind. Ct. App. 2001). As noted above, the trial court must allow a defendant to withdraw a guilty plea if "necessary to correct a manifest injustice."[4]

[17] A review of the transcript of the plea hearing provides no basis for McCollum's argument. At the guilty plea hearing, the trial court reviewed the plea agreement, and McCollum indicated that he understood the terms thereof. At no point during the hearing did McCollum assert his innocence or indicate that he did not desire to plead guilty. McCollum did inform the court that he felt pressured to make a decision about whether to plead guilty or go to trial, but also acknowledged that his decision to plead guilty was his own choice and that he was not being forced to plead guilty. When asked if he was under the

---

[4] We note that the State acknowledged that it would not be substantially prejudiced.

influence of any substances or suffered from any mental or emotional stability, McCollum said no. The court continued with its standard dialogue for a guilty plea, advising McCollum of his constitutional rights, the charging allegations for each offense, and the range of penalties for each offense. McCollum's conclusory assertion nearly three months after his guilty plea hearing that he was "not in his right mind" at the time of the guilty plea hearing does not cast doubt on the knowing and voluntary nature of his guilty plea that is evident from the record before us. The trial court did not abuse its discretion in concluding that there was no manifest injustice to be avoided by allowing McCollum to withdraw his guilty plea.

[18] Judgment affirmed.

Baker, J., and Najam, J., concur.