**David COOMER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S00–9404–CR–343.

Supreme Court of Indiana.

June 23, 1995.

---

Robert C. Perry, Steckler Perry & Ryan, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Arrested in March 1991 as a suspect in the murder of Timothy Pfeifer, appellant David Coomer confessed to the crime and was charged with murder,[1] felony murder,[2] and robbery,[3] a class A felony, and carrying a handgun without a license, a class A misdemeanor.[4] At the start of his bench trial Coomer sought to suppress his confession. When this attempt failed, he entered into a plea agreement under which he pled guilty to felony murder in exchange for dismissal of the murder and robbery counts. Before being sentenced, however, Coomer moved to withdraw his guilty plea. The court conducted a hearing, found that the plea had been knowing and voluntary, and denied the motion. In this direct appeal, Coomer argues that the court abused its discretion by denying his motion to withdraw his guilty plea. We affirm.

Indiana Code § 35–35–1–4(b) (West 1986) establishes the procedure by which a defendant may petition to withdraw his guilty plea before sentencing. The court is *required* to grant such a request only if the

1. Ind.Code Ann. § 35–42–1–1 (West Supp.1994).

2. *Id.*

3. Ind.Code Ann. § 35–42–5–1 (West 1986).

4. Ind.Code Ann. § 35–47–2–1 (West 1986).

defendant proves that withdrawal of the plea "is necessary to correct a manifest injustice." *Id.* The court must *deny* a motion to withdraw a guilty plea if the withdrawal would result in substantial prejudice to the State. *Id.* Except under these polar circumstances, disposition of the petition is at the discretion of the court. *See Trueblood v. State,* Ind., 587 N.E.2d 105, *cert. denied,* —— U.S. ——, 113 S.Ct. 278, 121 L.Ed.2d 205 (1992).

■■■ "Manifest injustice" and "substantial prejudice" are necessarily imprecise standards, and an appellant seeking to overturn a trial court's decision has faced a high hurdle under the current statute and its predecessors. The trial court's ruling on a motion to withdraw a guilty plea arrives in this Court with a presumption in favor of the ruling. *Riley v. State* (1972), 258 Ind. 303, 280 N.E.2d 815. Still, concerns about injustice carry greater weight when accompanied by credible evidence of involuntariness, or when the circumstances of the plea reveal that the rights of the accused were violated. *Vonderschmidt v. State* (1948), 226 Ind. 439, 81 N.E.2d 782 (defendant must be allowed to withdraw plea entered while intoxicated). Did the defendant understand the allegations to which he was pleading guilty? Did the defendant know about the right to trial? Was the decision to plead made with the benefit of counsel? Did the defendant appreciate the sentencing ramifications of admitting guilt? What was the defendant's understanding of the bargain struck with the prosecutor? A court must examine questions of this sort to confirm that a defendant is acting freely and knowingly before accepting a guilty plea. *See, e.g., Cassidy v. State* (1929), 201 Ind. 311, 168 N.E. 18 (court abused discretion denying motion to withdraw guilty plea where defendant of "low intellectuality" was "induced to plead guilty" by judge and others, and told that appointment of attorney "would do him no good").

In this case, Coomer asserts that his plea was not voluntary and that he did not understand that he was subjecting himself to a maximum sixty-year prison term. Before pleading guilty, Coomer had complained about the quality of the representation he was receiving from his court-appointed coun-

sel. The court denied Coomer's initial request for new counsel but did appoint a new lawyer after Coomer pled guilty. Thereafter, Coomer claimed that the prospect of going to trial with his original lawyer had been so disquieting that he was effectively coerced into accepting the State's plea bargain.

We begin by examining the statements Coomer made while seeking court approval of his guilty plea. The court closely questioned him before accepting the plea.

THE COURT: Do you believe that your plea of guilty to Murder, described in Count Two, that I just read to you, is being made freely and voluntarily?

DEFENDANT: Yes.

THE COURT: Any threats, force, or promises, other than those contained in this written plea agreement, been used to get you to plead guilty?

DEFENDANT: No.

THE COURT: Are you satisfied with the services of Mr. Fairman so far in this matter?

DEFENDANT: Yeah.

THE COURT: Can you think of anything that he's failed to do that you think he should have done?

DEFENDANT: No.

R. at 155–56.

The trial court reviewed this dialogue when it considered Coomer's subsequent motion to withdraw the plea. Coomer's direct answers contradicted his subsequent assertion that he felt pressured to accept the plea. The court went beyond inquiring whether Coomer knew what he was admitting; it endeavored to ascertain what he thought of his counsel and whether he was pressured to plead guilty, as he now complains. The court's questions suggest an appropriate attempt to probe beneath the surface of the plea agreement and, if not elicit the defendant's true motivation for pleading guilty, at least determine that the plea was knowing and voluntary.

■■■ Coomer succeeded in convincing the court that he knew what he was doing when he pled guilty and that his decision was not

prompted by undue pressure. There is some chance that a defendant might give less than candid responses in such circumstances, but the contradiction between Coomer's testimony and his subsequent claims of coercion does undermine his present assertion. His testimony does not provide the necessary factual basis to overcome the presumption favoring the trial court's ruling.

■ During argument on Coomer's motion to withdraw, Coomer complained about the paucity and brevity of his original lawyer's visits to him in jail before trial. He contended that his counsel was not prepared to mount a vigorous defense once the confession was allowed, but was instead bent on striking a plea bargain. Coomer did not call his former lawyer as a witness during the hearing on his motion.[5] The trial court was entitled to infer that counsel would have testified otherwise had he been called.

■ Coomer argues that his plea was not voluntary because he *believed* his original counsel was unprepared for trial. Of course, the statements he made while pleading guilty belie his later assertion that he had no faith in his counsel. Whatever doubts Coomer entertained with regard to his prospects for acquittal could just as likely have stemmed from his perception of the fundamental weakness of his case as from reservations about his counsel's capabilities. Furthermore, it appears that Coomer's original lawyer focused his efforts at the outset of trial on suppressing his client's confession, suggesting at least a modicum of awareness of his client's predicament as well as the importance of suppressing such damaging evidence.

■ Finally, Coomer claims he should have been allowed to withdraw his guilty plea because his lawyer misinformed him about the possible sentence for the crime of murder to which he pled guilty. The record shows, however, that the trial judge clearly explained the penalty range and that Coomer indicated he understood the explanation:

5. Coomer calls our attention to his pretrial request for appointment of new counsel, yet acknowledges that his original counsel's lack of

THE COURT: The recommendation in this case is no recommendation; that means, that the entire range of the penalty—anywhere from 30 to 60 years—and whether any part of that is going to be suspended will [be] left up to me. Do you understand that?

DEFENDANT: Yes.

R. at 152–53.

Coomer has not overcome the presumption of validity accorded the trial court's denial of his motion to withdraw his guilty plea. Such a denial was within the discretion of the court, and we cannot say its refusal to allow Coomer to withdraw his guilty plea constitutes manifest injustice.

The judgment of the trial court is affirmed.

DeBRULER, DICKSON, SULLIVAN and SELBY, JJ., concur.

preparation "is not apparent from the record." (Brief of Appellant at 14.)