**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 15 2013, 8:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANDREW B. ARNETT**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER S. EDWARDS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 73A01-1210-CR-446 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SHELBY CIRCUIT COURT
The Honorable Charles D. O'Connor, Judge
Cause No. 73C01-1103-FA-4

**May 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Christopher S. Edwards appeals the trial court's denial of his motion to withdraw his guilty plea. He presents a single issue for review, namely, whether the trial court abused its discretion when it denied his motion.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In March 2011, the State charged Edwards with one count of child molesting, as a Class A felony; one count of child molesting, as a Class C felony; and one count of performing sexual conduct in the presence of a minor, as a Class D felony. Edwards then requested to continue the pretrial conference at least five times, requests that the trial court granted. Finally, on April 2, 2012, Edwards and the State filed a joint motion to enter a plea of guilty ("Plea Agreement"), executed by counsel for the parties, and an advisement of rights and waiver ("Waiver"), executed by Edwards. In the Plea Agreement, Edwards agreed to plead guilty to child molesting, as a Class A felony, and agreed to a sentence of thirty-three years, with twenty-eight years executed and five years suspended to probation. Edwards executed the Waiver, which provides in part that the entry of a guilty plea "constitutes an admission of the truth of all the facts alleged in the Information to which a plea of guilty has been entered and that the guilty plea amounts to a conviction." Appellant's App. at 49. The Waiver further provides: "You have been given an opportunity to read the information to which you are pleading guilty, and you admit the alleged facts contained therein are true and constitute a factual basis for your plea." Id. Finally, immediately above Edwards signature, the Waiver provides: "By

2

signing this advisement, you are agreeing that the foregoing has been read and understood, and by pleading guilty, you understand that you are waiving each and every right enumerated." Id.

On May 3, the trial court conducted a hearing on the Plea Agreement. At that hearing, Edwards answered affirmatively when asked whether he: (1) had read the Plea Agreement and Waiver; (2) had discussed its contents with his attorney before he signed it; and (3) intended to enter a plea of guilty. The trial court then read aloud the charge of child molesting, as a Class A felony, and asked whether Edwards understood that by pleading guilty he would be admitting that he had committed the crime charged. Edwards again answered affirmatively. Finally, the State described the facts underlying the charge to which Edwards had agreed to plead guilty, and Edwards admitted to the factual basis for the plea and that he had acted as described. At the conclusion of the hearing, the trial court took the plea under advisement.

The sentencing hearing was scheduled for June 21. At that hearing, before being sentenced, Edwards informed the court that he wished to withdraw his guilty plea. The State subsequently filed its objection to the withdrawal of the guilty plea, and, on June 27, Edwards filed a written motion to withdraw his plea. In the motion, Edwards stated that he had "had time to reflect on the plea of guilty" and wished to go to trial on all three charges because he had "alerted Counsel that he did not actually engage in the facts alleged in the factual basis." Id. at 32. On August 1, the trial court denied Edwards' motion with a detailed written order.

At the sentencing hearing on September 6, the trial court accepted the Plea Agreement and sentenced Edwards accordingly. Edwards now appeals the denial of his motion to withdraw his guilty plea.

## DISCUSSION AND DECISION

Edwards contends that the trial court erred when it denied his motion to withdraw his guilty plea. As discussed by our Supreme Court:

> Indiana Code § 35-35-1-4(b) governs motions to withdraw guilty pleas. After a defendant pleads guilty but before a sentence is imposed, a defendant may motion to withdraw a plea of guilty. Id. The court must allow a defendant to withdraw a guilty plea if "necessary to correct a manifest injustice." Id.
>
> By contrast, the court must deny the motion if withdrawal of the plea would "substantially prejudice[ ]" the State. Id. In all other cases, the court may grant the defendant's motion to withdraw a guilty plea "for any fair and just reason." Id.
>
> A trial court's ruling on a motion to withdraw a guilty plea "arrives in this Court with a presumption in favor of the ruling." Coomer v. State, 652 N.E.2d 60, 62 (Ind. 1995). We will reverse the trial court only for an abuse of discretion. Id. In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made by the defendant at his guilty plea hearing to decide whether his plea was offered "freely and knowingly." Id.

Brightman v. State, 758 N.E.2d 41, 44 (Ind. 2001) (footnotes omitted; alteration original). Further, we will not disturb the trial court's ruling where it was based on conflicting evidence, and we will not reweigh the evidence. Weatherford v. State, 697 N.E.2d 32, 34 (Ind. 1998) (citation and quotation omitted).

Here, Edwards contends that it "is manifestly unjust that a man, who believes in his innocence, is not allowed to withdraw a plea prior to it being accepted by the court." Appellant's Brief at 10. He is correct that the trial court must allow the withdrawal of a

4

guilty plea to correct a manifest injustice. But Indiana Code Section 35-35-1-4 lists examples of manifest injustice that would require a trial court to allow withdrawal of a guilty plea:

> (1) The convicted person was denied the effective assistance of counsel;
> (2) The plea was not entered or ratified by the convicted person;
> (3) The plea was not knowingly and voluntarily made;
> (4) The prosecuting attorney failed to abide by the terms of a plea agreement; or
> (5) The plea and judgment of conviction are void or voidable for any other reason.

Edwards has not alleged or demonstrated any of these circumstances. Rather, he merely asserts his innocence. But Edwards signed the Waiver, and he stated under oath at the guilty plea hearing that he wished to plead guilty to Class A felony child molesting, both times admitting the factual basis for that charge. He did so after consultation with counsel, and he does not allege that his counsel was ineffective. He made no protestations of innocence at the guilty plea hearing, but first asserted his innocence and requested to change his plea at the sentencing hearing. We cannot say that these facts demonstrate manifest injustice so as to require the trial court to allow Edwards to withdraw his guilty plea.

Edwards has not shown that the trial court abused its discretion in denying his withdrawal motion. Again, a trial court's ruling on a motion to withdraw a guilty plea arrives in this Court with a presumption in favor of the ruling. Brightman, 758 N.E.2d at 44 (quotation marks and citation omitted). The trial court noted that the only basis Edwards provided for his request to withdraw his plea was a "change of heart." Appellant's App. at 29. The court also noted that Edwards had been granted several

5

continuances prior to his guilty plea, the court had advised him that no further continuances would be granted, the State had ceased trial preparation and efforts to secure witnesses, and the child victim had been told that he would not be required to testify and that Edwards had admitted his guilt. On these facts, we cannot say that the trial court abused its discretion when it denied Edwards' motion to withdraw his guilty plea.

Affirmed.

BAILEY, J., and BARNES, J., concur.