Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 06 2014, 8:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEREMY K. NIX**
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DON THOMAS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 90A02-1403-CR-221 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Kenton W. Kiracofe, Judge
Cause No. 90C01-1310-FC-00021

**November 6, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Don Thomas ("Thomas") pleaded guilty in Wells Circuit Court to three counts of Class D felony theft and one count of Class C felony corrupt business influence. On appeal, Thomas argues that the trial court abused its discretion in denying his request to withdraw his guilty plea.

We affirm.

**Facts and Procedural History**

From August 2013 to October 2013, Thomas and an accomplice stole dozens of bottles of expensive liquor from various Wal-Mart and Kroger stores. On October 21, 2013, the State charged Thomas with Count I, Class D felony theft; Count II, Class D felony theft; Count III, Class D felony theft; Count IV, Class D felony aiding, inducing or causing theft; Count V, Class D felony aiding, inducing or causing theft; Count VI, Class D felony aiding, inducing or causing theft; Count VII, Class D felony conspiracy to commit theft; Count VIII, Class D felony conspiracy to commit theft; Count IX, Class D felony conspiracy to commit theft; and Count X, Class C felony corrupt business influence.

At Thomas's initial hearing, the State notified Thomas that, because of Thomas's previous felony convictions, it would seek an habitual offender enhancement. At the same hearing, Thomas requested a speedy trial. The trial court informed Thomas that his request would impose a hardship on his defense counsel and that the court would not grant a continuance once the trial date was set. Thomas insisted that he wanted the court to set a speedy trial date immediately and declined to consult with an attorney on the

2

matter. The trial court granted Thomas's request and set the trial for December 9 and 10, 2013. Thomas's appointed counsel, Larry Mock ("Mock") filed his appearance on October 30, 2013.

The State filed a notice of intent to seek habitual offender status on November 1, 2013. On November 4, Thomas entered into plea negotiations with the State. Approximately one week later, on November 12, 2013, Thomas filed a motion to withdraw his speedy trial request. The trial court denied Thomas's motion, noting that it had "clearly informed the Defendant of the problems requesting a speedy trial at the initial hearing might pose" and had "also clearly informed Defendant of the Court's policy of not continuing trial dates, once set, absent an emergency or other compelling reason." Appellant's App. p. 123.

On December 9, 2013, the first day of his trial, Thomas filed a motion to dismiss Count X, Class C felony corrupt business influence, arguing that the statute criminalizing corrupt business influence "is akin to the federal RICO which was designed to fight organized mafia-type crime." Appellant's App. p. 168. The same day, he agreed to plead guilty to Counts I through III, with Counts IV through IX being dismissed. The trial court denied Thomas's motion to dismiss Count X and Thomas stated that he wished to proceed to trial on that count. After a recess, however, the parties modified the plea agreement to include a plea of guilty to Count X. Pursuant to the agreement, Thomas would receive consecutive three year sentences for Counts I through III and a five year sentence for Count X, to run consecutively to the other sentences, with one year suspended on Count I and three years suspended on Count X. The aggregate term, under

3

the plea agreement, was fourteen years with four years suspended and four years of probation.

The trial court accepted the plea agreement and set a sentencing hearing for January 8, 2014, later rescheduled for February 5, 2014. Thomas obtained new counsel and, on January 23, 2014, filed a motion to withdraw his guilty plea. The trial court held a hearing on Thomas's motion on March 21, 2014. At the hearing, Thomas argued that his former counsel's delay in filing the motion to dismiss Count X put undue pressure on him to decide at the last minute to plead guilty to that count. He also cited a July 2013 Court of Appeals opinion, Miller v. State, 992 N.E.2d 791 (Ind. Ct. App. 2013), trans. denied, where this court held that evidence of a series of thefts occurring during a twenty-four hour period was insufficient to support the "enterprise" element of the crime of corrupt business influence.

Thomas's former counsel, Mock, testified at the hearing that he had advised Thomas prior to trial that, based on his research, Mock believed that the trial court would likely deny the motion to dismiss Count X and that Mock filed the motion only to preserve the issue for appeal. Mock also testified that, until the day of Thomas's trial, Mock had believed that Thomas would go forward with a jury trial on Count X and that it was Thomas himself who initiated negotiations with the State to plead guilty to Count X.

The trial court denied Thomas's motion to withdraw his guilty plea, stating:

At that initial hearing, the Defendant, on his own, made a request for fast and speedy trial. The Court advised Mr. Thomas of the consequences of the fast and speedy trial but that the Court would set a trial date, would not continue a trial date once it was set and that it placed his attorney, that had not yet been assigned to the case, at a substantial disadvantage because it

4

made it, things move much more quickly when a speedy trial is set and [] would place him [in] a difficult position of having to do things in addition to his normal other duties and other clients and cases [] would have to spend time preparing for trial.

* * *

Knowing and after being advised thoroughly by the Court, Mr. Thomas wanted to maintain his [] wanted to maintain his speedy trial request. He requested that the Court give him his civil right and so the Court set a speedy trial date for December the 9th, 2013.

* * *

[T]he testimony was today, and there has been no contrary testimony to this, that although he did request that, Mr. Mock did tell him on several occasions, as was the testimony today, that even if Mr. Mock filed that Motion to Dismiss that the Court would likely deny it, which the Court did ultimately deny the Motion to Dismiss Count X. As [] outlined by the State in its Exhibit 1, presented today, the Defendant does have a significant criminal history, as, and concur with the State that Mr. Thomas is not someone who comes before the Court having never been in a courtroom, never been charged or accused of criminal offenses and has been involved in multiple criminal offenses in this [] and is not a naive and not an unexperienced person in these matters. He knew certainly enough to ask for and request a speedy trial, which the Court granted, and as again as the Court advised Mr. Thomas that day there are consequences that come along with that and [] wanted him to understand and appreciate the seriousness of his request. He indicated he understood.

* * *

[A]nd so, I can't find that Mr. Thomas didn't know what was going or didn't understand what was happening. He knew full well what was going on and this simply and attempt by him to [] play a game in this matter. I think that [] there is not a fair and just reason to allow him to withdraw his plea of guilty, as he did so knowingly and voluntarily and so the Court is going to [] overrule and deny the request.

5

Tr. pp. 16-18. The trial court sentenced Thomas, pursuant to the terms of the plea agreement, to an aggregate term of fourteen years with four years suspended and four years of probation.

Thomas now appeals.

**Discussion and Decision**

Thomas argues that the trial court abused its discretion in denying his request to withdraw his guilty plea. Motions to withdraw guilty pleas after sentencing are governed by Indiana Code section 35-35-1-4. This section provides:

> (c) After being sentenced following a plea of guilty, or guilty but mentally ill at the time of the crime, the convicted person may not as a matter of right withdraw the plea. However, upon motion of the convicted person, the court shall vacate the judgment and allow the withdrawal whenever the convicted person proves that withdrawal is necessary to correct a manifest injustice. A motion to vacate judgment and withdraw the plea made under this subsection shall be treated by the court as a petition for postconviction relief under the Indiana Rules of Procedure for Postconviction Remedies. For purposes of this section, withdrawal of the plea is necessary to correct a manifest injustice whenever:
> > (1) the convicted person was denied the effective assistance of counsel;
> > (2) the plea was not entered or ratified by the convicted person;
> > (3) the plea was not knowingly and voluntarily made;
> > (4) the prosecuting attorney failed to abide by the terms of a plea agreement; or
> > (5) the plea and judgment of conviction are void or voidable for any other reason.
> The motion to vacate the judgment and withdraw the plea need not allege, and it need not be proved, that the convicted person is innocent of the crime charged or that he has a valid defense.

Ind. Code § 35-35-1-4.

Our supreme court has held that this statute requires a trial court to grant a request to withdraw a guilty plea where the defendant proves that withdrawal of the plea is

6

necessary to correct a manifest injustice. Coomer v. State, 652 N.E.2d 60, 61-62 (Ind. 1995). On the other hand, a trial court must deny a motion to withdraw a guilty plea if the withdrawal would result in "substantial prejudice" to the State. Id. at 62. "Manifest injustice" and "substantial prejudice" are "necessarily imprecise standards" and "[e]xcept under these polar circumstances, disposition of the petition is at the discretion of the [trial] court." Id. Thus, "the trial court's ruling on a motion to withdraw a guilty plea arrives in this Court with a presumption in favor of the ruling." Id. The trial court's decision is reviewed for abuse of discretion. Smallwood v. State, 773 N.E.2d 259, 264 (Ind. 2002). And we will not disturb the court's ruling where it was based on conflicting evidence. Id.

Thomas contends that "[t]he quick trial setting, the denial of his request to reset his trial, and the late filing of the motion to dismiss the most serious charge against him . . . placed him in a situation that unduly influenced his decision to plead guilty." Appellant's Br. at 9. However, Thomas's former counsel, Mock testified at the hearing on Thomas's motion to withdraw his guilty plea that he had advised Thomas that the trial court would likely deny the motion to dismiss, that he filed the motion only to preserve the issue for appeal, that he believed until the day of trial that Thomas intended to go forward with a jury trial on Count X, and that it was Thomas himself who initiated negotiations with the State as to Count X.

In light of Mock's testimony, Thomas's extensive criminal history[1] and his familiarity with the criminal justice system, Thomas's insistence on a speedy trial, and Thomas's statements at his guilty plea hearing that he understood his rights, understood the implications of his guilty plea, had discussed the plea agreement with his counsel, was satisfied with his counsel's representation, and had decided to plead guilty on his own, we conclude that the trial court did not abuse its discretion in denying Thomas's motion to withdraw his guilty plea. See Johnson v. State, 734 N.E.2d 242 (Ind. 2000) (Murder defendant was not entitled to withdraw guilty plea entered during trial, even though defendant contended that his counsel "pressured" him into accepting plea after trial court ruled in favor of admitting damaging character evidence, where trial judge questioned defendant extensively about plea, asking whether he understood that he did not have to plead guilty and specifically whether anyone threatened or induced him to enter plea, and judge informed defendant of possible range of sentences he would receive).

Affirmed.

RILEY, J., and CRONE, J., concur.

---

[1] Thomas had previously been convicted of felony robbery, felony aggravated burglary, felony dealing in cocaine, criminal conversion, battery, operating while suspended, and drug possession.