**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 09 2015, 8:32 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ROBERT W. GEVERS, II**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MASON BROWN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 35A05-1406-CR-294 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HUNTINGTON CIRCUIT COURT
The Honorable Thomas Hakes, Judge
Cause No. 35C01-1304-FB-76

**January 9, 2015**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Mason Brown appeals the denial of his motion to withdraw guilty plea. We affirm.

## FACTS AND PROCEDURAL HISTORY

On April 18, 2013, the State charged Brown with two counts of Class B felony criminal deviate conduct,[1] three counts of Class D felony sexual battery,[2] and one count each of Class A felony attempted criminal deviate conduct,[3] Class B felony rape,[4] and Class A misdemeanor battery[5] based on three incidents involving two girls Brown dated. On April 21, 2014, Brown pled guilty to three counts of Class B felony criminal deviate conduct, one count of Class B felony rape, and one count of Class D felony sexual battery pursuant to a plea agreement in which the State agreed to dismiss the other charges.

On May 29, Brown filed a motion to withdraw his guilty plea and the trial court denied it.

## DISCUSSION AND DECISION

Ind. Code § 35-35-1-4(b) provides:

> After entry of a plea of guilty, . . . but before imposition of sentence, the court may allow the defendant by motion to withdraw his plea of guilty . . . for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. The motion to withdraw the plea of guilty . . . made under this subsection shall be in writing and verified. The motion shall state facts in support of the relief demanded, and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea of guilty . . . whenever the defendant proves that withdrawal of the plea is necessary to

---

[1] Ind. Code § 35-42-4-2(a)(1) (2012).
[2] Ind. Code § 35-42-4-8(a)(a)(A) (2012).
[3] Ind. Code § 35-42-4-2(b)(1) (criminal deviate conduct) (2012); Ind. Code § 35-41-5-1 (attempt).
[4] Ind. Code § 35-42-4-1(a)(1) (2012).
[5] Ind. Code § 35-42-2-1(a)(1) (2012).

2

correct a manifest injustice.

There can be manifest injustice when a plea is not knowingly or voluntarily made. *Jeffries v. State*, 966 N.E.2d 773, 778 (Ind. Ct. App. 2012), *trans. denied*.

One who appeals an adverse decision on a motion to withdraw a guilty plea must prove by a preponderance of the evidence the trial court abused its discretion. *Turner v. State*, 843 N.E.2d 937, 941 (Ind. Ct. App. 2006), *reh'g denied*. A trial court's ruling on a motion to withdraw a guilty plea "arrives in this Court with a presumption in favor of the ruling." *Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995).

Brown argues he "suffered manifest injustice by the denial of his Motion to Withdraw Plea of Guilty," (Br. of Appellant at 4), because he felt coerced to enter a plea agreement in light of the State's disclosure of a new witness.[6] We disagree.

The State disclosed the new witness at the final pre-trial conference on April 7, 2014. After consulting with counsel, Brown filed a notice to change plea on April 11, signed the motion to enter a new plea on April 16, and appeared before the trial court on April 21. During that hearing, he indicated he understood the conditions and consequences of his plea. Brown signed the Motion to Enter a Plea of Guilty, indicating he understood the terms of the plea agreement and he agreed the statements therein regarding the crimes were true. In addition, he signed a Written Advisement and Waiver of Rights for both charges to which he

---

[6] In his brief, Brown argues that "[t]he only available evidence is that [Brown] felt somewhat coerced by the circumstances surrounding the newly discovered witness and pled guilty out of fear of the timeline and the potential penalties if he were to be found guilty at trial." (Br. of Appellant at 4-5.) However, Brown did not testify during the Motion to Withdraw hearing or the sentencing hearing, and thus there is no such "evidence" in the record before us. We admonish counsel to refrain from mischaracterizing the record.

pled guilty; these documents again set forth the rights waived by pleading guilty.  Finally, in a letter he wrote to the trial court after pleading guilty, Brown indicated, "I know that I agreed to the plea agreement and admitted guilt to [sic] my charges.  I even answered all your questions confirming I knew what I was doing. . . . I did this . . . not because anyone threatened me."  (App. at 104.)

Brown has not demonstrated he was coerced into accepting a plea.  He had two weeks to consider his decision to accept the plea agreement, and he confirmed several times, orally and in writing, that he understood the conditions and consequences of pleading guilty.  The trial court did not abuse its discretion when it denied Brown's motion to withdraw his guilty plea.  *See Coomer*, 652 N.E.2d at 62 (finding no abuse of discretion when trial court denied Coomer's motion to withdraw guilty plea because it confirmed multiple times that Coomer understood the conditions and consequences of his plea, and Coomer indicated he had not been coerced to enter the plea).

Affirmed.

BARNES, J., and PYLE, J., concur.