## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 14 2015, 9:12 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Kelly N. Bryan<br>Muncie, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | George P. Sherman<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Juan Carlos Brown,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 14, 2015<br><br>Court of Appeals Case No.<br>18A04-1505-CR-454<br><br>Appeal from the Delaware Circuit Court<br><br>The Honorable Marianne L. Vorhees, Judge<br><br>Trial Court Cause Nos.<br>18C01-1208-FA-12<br>18C01-1212-FA-13<br>18C01-1312-FA-16 |

**Bailey, Judge.**

# Case Summary

[1] Juan Carlos Brown ("Brown") appeals the denial of his motion to withdraw his pleas of guilty to three Class B felonies: one count of Dealing in a Schedule 1 Controlled Substance[1] and two counts of Dealing in a Narcotic Drug.[2] He presents the sole issue of whether the trial court abused its discretion by denying the motion for withdrawal. We affirm.

# Facts and Procedural History

[2] On August 22, 2012, Brown was charged with two counts of Dealing in a Schedule I Controlled Substance, as Class A felonies, and one count of Resisting Law Enforcement,[3] as a Class D felony. On November 20, 2012, Brown was charged with Conspiracy to Commit Dealing in a Narcotic Drug,[4] as a Class A felony, two counts of Dealing in a Narcotic Drug, as Class A felonies, Possession of a Narcotic Drug,[5] as a Class A felony, Possession of an Altered Handgun,[6] a Class C felony, and Maintaining a Common Nuisance, as a Class D felony.[7] On December 13, 2013, Brown was charged with Dealing in

---

[1] Ind. Code § 35-48-4-2.

[2] I. C. § 35-48-4-1.

[3] I.C. § 35-44.1-3-1.

[4] I.C. §§ 35-41-5-2; 35-48-4-1.

[5] I.C. § 35-48-4-6.

[6] I.C. § 35-47-2-18.

[7] I.C. § 35-48-4-13.

a Narcotic Drug and Conspiracy to Commit Dealing in a Narcotic Drug, each as a Class A felony.

[3] On November 14, 2014, Brown agreed to plead guilty to three Class B felonies. Pursuant to a plea agreement, the remaining charges would be dismissed and the sentence would be capped at twenty years. On February 16, 2015, Brown filed a Motion for Withdrawal of Guilty Plea.

[4] On March 16, 2015, the trial court conducted a hearing on Brown's motion. The motion was denied on April 6, 2015. On April 27, 2015, the trial court conducted a sentencing hearing and imposed upon Brown an aggregate sentence of eighteen years. Brown now appeals.

# Discussion and Decision

[5] Brown contends that his guilty pleas were involuntary because he received incorrect legal advice from his attorney. Brown's former counsel, Michael Quirk ("Quirk"), testified at the withdrawal hearing that he had told Brown "if the PSI recommendation came back way out of whack and it was too harsh, then he would be able to withdraw his guilty plea, and if he did so, that he would waive his right to a jury trial and have a bench trial on that." (Tr. at 56.) Brown now claims that he was led to believe that "his ability to withdraw his guilty plea was 'guaranteed.'" (Appellant's Br. at 7.)

[6] Indiana Code Section 35-35-1-4(b) sets forth the applicable standard when a defendant pleads guilty pursuant to an agreement with the State and then requests to withdraw the plea:

> After entry of a plea of guilty ..., but before imposition of sentence, the court may allow the defendant by motion to withdraw his plea ... for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. The motion to withdraw the plea of guilty or guilty but mentally ill at the time of the crime made under this subsection shall be in writing and verified. The motion shall state facts in support of the relief demanded, and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea ... whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

[7] The court is required to grant a request to withdraw a guilty plea before sentencing only if the defendant proves that withdrawal of the plea "is necessary to correct a manifest injustice." *Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995). The court must deny a motion to withdraw a guilty plea if the withdrawal would result in substantial prejudice to the State. *Id.* Except for those polar circumstances, disposition of the motion is within the sound discretion of the trial court and will be reversed only for abuse of discretion. *Id.*

[8] "Manifest injustice" and "substantial prejudice" are necessarily imprecise standards, and an appellant seeking to overturn a trial court's decision has historically faced a high hurdle under the statutory provisions. *Id.* at 62. A trial court's ruling on a motion to withdraw a guilty plea "arrives in this court with a

presumption in favor of the ruling." *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001).

[9] Pursuant to Indiana Code Section 35-35-1-4(b), a movant must state facts in support of the relief demanded. Brown made a written claim that his pleas had been involuntary because he was presented with a blank form to sign, he expected the executed portion of his sentence to be only an additional sixteen months, he did not understand that he was to serve consecutive sentences, and he did not understand that he was subject to a mandatory minimum sentence due to prior felony convictions. At the hearing on his motion for withdrawal of his guilty pleas, Brown testified that he thought his most likely sentence would be "eight, do four." (Tr. 33.) According to Brown, he also formed the belief, based on conversation with Quirk, that he was "guaranteed" an absolute right to withdraw his guilty plea. (Tr. at 34.)

[10] Quirk testified and denied that he had presented a blank plea agreement form to Brown. He also contradicted any claims that Brown had been given incorrect advice as to his potential sentence. However, he acknowledged conveying to Brown the idea that a plea bargain could be withdrawn and a bench trial conducted.

[11] The trial court resolved the conflicting testimony and concluded that Quirk did not present a blank form to Brown for his signature. The trial court also concluded that Brown had been properly advised of his potential sentence under the plea agreement, the statutory requirement of consecutive sentences

for offenses committed by a defendant out on bond,[8] and the requirement of mandatory minimum sentences in his circumstances.[9] As for advice on the availability of plea withdrawal, the trial court concluded that "Brown was told he could withdraw his guilty pleas upon certain conditions." (App. at 92.) The trial court further concluded that, because the conditions were unexplained, Brown could have believed he had a right to withdraw his plea at any time. This is now the sole contention as to involuntariness argued by Brown on appeal.

[12] In assessing the voluntariness of a plea, we will review the statements made by a defendant during the guilty plea hearing in order to determine whether the plea was freely made. *Brightman*, 758 N.E.2d at 44. Here, the guilty plea hearing record indicates that Brown was aware that, regardless of any probation officer recommendation, the trial court could give him a sentence of up to twenty years. He also acknowledged that there were "no guarantees about how the Court is going to divide up that twenty years." (G. Plea Tr. at 12-13.) He specifically denied that he had been given any promises outside the plea agreement.

[13] Finally, the significant benefit that Brown obtained by pleading guilty militates against his claim that his pleas were a product of his expectation of flexibility in

---

[8] I.C. § 35-50-1-2.

[9] I.C. § 35-38-1-17.

withdrawal. *See Hunter v. State*, 676 N.E.2d 14, 19 (Ind. 1997) (finding that a "misstatement" did not prejudicially influence a decision to plead guilty where a bargain saved the defendant fifty years but he had believed the savings to be seventy years). In three separate cause numbers, Brown was charged with eight Class A felonies, one Class C felony, and two Class D felonies. At that time, the potential sentence for a Class A felony was between twenty and fifty years, with thirty as the advisory sentence. I.C. § 35-50-2-4. The potential sentence for a Class C felony was between two and eight years, with four years as the advisory sentence. I.C. § 35-50-2-6. The potential sentence for a Class D felony was between six months and three years, with one and one-half years as the advisory sentence. I.C. § 35-50-2-7.

[14] The majority of the charges against Brown were dismissed pursuant to the plea agreement and his significant exposure was reduced to a twenty-year sentencing cap. Even so, he received two years less than the capped sentence. In these circumstances, the trial court did not abuse its discretion by rejecting Brown's claim that he would not have pled guilty given correct advice on the availability of withdrawing his pleas.

# Conclusion

[15] Brown has not established that the withdrawal of his pleas is necessary to correct a manifest injustice. The trial court acted within its discretion by denying Brown's motion to withdraw his guilty pleas.

Affirmed.

Vaidik, C.J., and Crone, J., concur.