## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 08 2016, 7:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joshua S. Black,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 8, 2016

Court of Appeals Case No.
33A01-1509-CR-1361

Appeal from the Henry Circuit Court

The Honorable Kit C. Dean-Crane, Judge

Trial Court Cause No.
33C02-1505-F4-4

**Robb, Judge.**

# Case Summary and Issue

[1] The State charged Joshua Black with five drug-related counts and alleged he was an habitual offender. Black entered a plea of guilty to dealing in methamphetamine, a Level 5 felony, and the State moved to dismiss all remaining counts. Before he was sentenced, Black moved to withdraw his guilty plea. The trial court denied Black's motion and sentenced him to four years pursuant to the plea agreement. Black now appeals, raising the sole issue of whether the trial court abused its discretion in denying his motion to withdraw his guilty plea. Concluding Black failed to prove the trial court was required to grant his motion to correct a manifest injustice or that the trial court otherwise abused its discretion in denying his motion, we affirm.

# Facts and Procedural History

[2] The State charged Black with the following offenses based on an incident occurring on May 17, 2015: dealing in a narcotic drug, a Level 4 felony; dealing in methamphetamine, a Level 5 felony; possession of methamphetamine, a Level 6 felony; maintaining a common nuisance, a Level 6 felony; and possession of paraphernalia, a Class A misdemeanor.[1] At his initial hearing on May 19, 2015, Black requested a speedy trial, which was

---

[1] Because Black entered a guilty plea, the only available facts are those elicited for the purpose of laying a factual basis for the plea.

reduced to a written motion on May 28, 2015, by his appointed counsel; the trial court set his jury trial for July 7, 2015.

[3] On June 19, 2015, the State filed an habitual offender enhancement. On June 25, 2015, the parties appeared for an initial hearing on the enhancement and advised the trial court that they had reached a plea agreement. The plea agreement provided for Black to plead guilty to dealing in methamphetamine, a Level 5 felony, and be sentenced to four years at the Indiana Department of Correction; in return, the State would dismiss the remaining charges, including the habitual offender enhancement. Black affirmed under oath that he had read and signed the plea agreement, that he understood its terms, that he had never been treated for any mental illness and was not at the time suffering from any mental or emotional disability or under the influence of alcohol or drugs, that he understood all of the rights he was waiving by pleading guilty, that he was satisfied with the services of his attorney, and that he had not been forced or coerced into pleading guilty but was doing so by his "own free choice and decision." Transcript at 31. Black then affirmed that on the particular date and at the particular location named in the charging information, he had possessed methamphetamine with the intent to deliver it to another person. The trial court accepted Black's plea of guilty and set a sentencing hearing for July 23, 2015.

[4] On July 1 and July 13, 2015, the trial court received letters from Black requesting he be allowed to withdraw his guilty plea. The trial court entered an order with respect to each letter "[f]inding it to be submitted by a party

currently represented by counsel [and] strikes it from the record . . . ."
Appellant's Appendix at 68, 80. On July 23, 2015, Black's counsel filed a
motion to withdraw. The trial court granted the motion, appointed new
counsel, and continued the sentencing hearing to August 20, 2015. Black's new
counsel filed a formal motion to withdraw the guilty plea for the reasons set
forth in Black's earlier correspondence to the court, including pressure from his
trial counsel to enter the plea and mental health issues before, and during, the
guilty plea hearing.

[5]     The trial court held a hearing on the motion to withdraw on the date set for
sentencing. Black testified that after the guilty plea hearing, "I . . . processed
what had happened[,] what I had been through that day and my interaction
with my attorney at that time and decided I didn't think it was a very good idea
and that I had pled guilty to something, an offense that I hadn't committed."
Tr. at 37. Black stated he had "a lot of mental stuff going on at the jail" and
had made multiple requests for medical attention regarding mental health issues
that were never addressed, including filing with the trial court a motion for a
mental health evaluation prior to pleading guilty. *Id.* at 38. Black claimed he
was having an episode the morning he changed his plea and was tased at the
jail just thirty to forty minutes before signing the plea agreement, which left him
"confused [and] stunned." *Id.* at 41. He further claimed he was in pain and
bleeding while in court from being tased and felt the effects from the tasing for a
day and a half. Black stated he wished to withdraw his plea because, "I didn't
really know or um understand that I was pleading to dealing." *Id.* Finally,

Black asserted he did not have an opportunity to fully explore his defense because he had changed his plea at his attorney's urging just two months after the charges were filed. A nurse who saw Black every day at the jail prior to his guilty plea hearing testified that although he had indicated he wished to speak with someone about his mental health issues, he denied thoughts of harming himself or others, and she never saw signs of an emergent situation: "He was a little agitated but nothing out of the ordinary. He was talking, communicating, eating." *Id.* at 49.

[6] The trial court denied Black's motion, finding:

> I had an opportunity June 25 to observe Mr. Black . . . . Mr. Black indicated today that he was bleeding that day, well if in fact he was bleeding it was not observable by the Court. Uh, Mr. Black indicated that he had been tased 30 to 40 minutes prior to the hearing, um, if in fact Mr. Black was tased that morning, I was able to observe his demeanor and his physical presence, um, reaction to my questions and answers and I received no indication whatsoever on June 25 that Mr. Black was under any mental or physical distress. . . . I questioned Mr. Black at length regarding his mental well being on that date um, and I came away with the impression that I was totally satisfied that his plea was freely and voluntarily entered and that it was knowingly entered. . . . I don't see Sir where you've satisfied or met your burden by a preponderance of the evidence that it's necessary to correct a manifest injustice.

*Id.* at 62-64. The trial court denied Black's motion to withdraw his plea of guilty and proceeded to sentencing. Black now appeals.

# Discussion and Decision

## I. Standard of Review

[7] Indiana Code section 35-35-1-4(b) governs a motion to withdraw a guilty plea that is filed after the defendant pleads guilty but before he is sentenced. The trial court must allow a defendant to withdraw his guilty plea if the defendant proves it is "necessary to correct a manifest injustice." Ind. Code § 35-35-1-4(b); *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001). The trial court must deny the motion if withdrawal of the plea would substantially prejudice the State. Ind. Code § 35-35-1-4(b). In all other cases, the trial court may grant the motion for "any fair or just reason." *Id.* The defendant has the burden to prove by a preponderance of the evidence and with specific facts that he should be permitted to withdraw his plea. Ind. Code § 35-35-1-4(b), (e); *see also Davis v. State*, 770 N.E.2d 319, 327 (Ind. 2002) (noting the defendant is required to demonstrate "(1) a fair and just reason for withdrawal of the guilty plea and (2) no reliance by the State that resulted in substantial prejudice").

[8] The trial court's ruling is reviewed only for an abuse of discretion. Ind. Code § 35-35-1-4(b). "A trial court abuses its discretion only when the failure of the trial court to grant the motion would result in . . . a manifest injustice." *Davis*, 770 N.E.2d at 326 (alteration in original) (quotation and citation omitted). In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made at the guilty plea

hearing to decide whether the plea was made freely and knowingly. *Brightman*, 758 N.E.2d at 44.

## II.  Manifest Injustice

[9]  Black contends the trial court abused its discretion in denying his motion to withdraw his guilty plea.  He acknowledges that during the plea hearing, "he provided that he understood his rights and that the plea was [a] free and voluntary act."  Appellant's Brief at 7.  He argues, however, that the record demonstrates his plea was not knowing, in that he did not understand he was pleading guilty to dealing; his plea was not voluntary, in that his attorney pressured him to plead guilty; and it was not intelligent, in that he did not have the ability to research his case, know the evidence against him, or explore possible defenses before pleading guilty.  Further, he notes he brought these concerns to the court promptly after pleading guilty.  He therefore asserts withdrawal of his plea is necessary to correct a manifest injustice.

[10]  Based upon our review of the record, we cannot say the trial court was required to grant Black's motion to correct a manifest injustice.  Black is correct that his change of plea was made just two months after the charges were filed, but it was also just two weeks before his jury trial was scheduled; his request for a speedy trial necessarily accelerated the timeline of preparing for trial.  At the guilty plea hearing, the trial court fully and correctly advised Black of the charges against him, the possible penalties that could result from trial, the terms of the plea agreement, and the rights he would be giving up by pleading guilty.

In each case, Black indicated he understood. The trial court inquired into Black's mental health, both past and present, and Black denied any mental health issues. The trial court asked whether he was satisfied with the services of his attorney, and Black stated he was. Black indicated he was entering the guilty plea of his own volition and had not been forced to do so. He also affirmatively stated that he had possessed methamphetamine with the intent to deliver it to another person. As the State points out, each of the claims Black now makes is inconsistent with statements he made at the guilty plea hearing. "[C]oncerns about injustice carry greater weight when accompanied by credible evidence of involuntariness, or when the circumstances of the plea reveal that the rights of the accused were violated." *Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995). There is no credible evidence that Black's plea was involuntary, and the transcript of the guilty plea hearing does not indicate that his rights were violated. Accordingly, Black has failed to prove a manifest injustice that must corrected by allowing him to withdraw his plea of guilty.

[11] In the absence of a manifest injustice, it was within the trial court's discretion to grant or deny the motion. The trial court chose to deny the motion. Although it might not have been an abuse of discretion for the trial court to grant Black's motion, it is also not an abuse of discretion under these circumstances for the trial court to deny it. Black has failed to show the trial court abused its discretion when it did not allow him to withdraw his plea of guilty.

# Conclusion

[12] Black failed to prove that withdrawal of his guilty plea was necessary to correct a manifest injustice or to otherwise show the trial court abused its discretion in denying his motion. Accordingly, we do not disturb the trial court's denial of Black's motion, and his conviction and sentence are affirmed.

[13] Affirmed.

Najam, J., and Crone, J., concur.