## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 31 2017, 6:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nykie C. Edwards, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | July 31, 2017 <br><br> Court of Appeals Case No. <br> 79A04-1701-CR-42 <br><br> Appeal from the <br> Tippecanoe Superior Court <br><br> The Honorable Randy J. Williams, Judge <br><br> Trial Court Cause No. <br> 79D01-1502-F1-1 |

**Kirsch, Judge.**

[1] Nykie Edwards appeals the trial court's denial of his motion to withdraw his plea of guilty to Child Molesting as a Level 1 felony[1] contending that the trial court abused its discretion when it denied his motion. We affirm.

## Facts and Procedural History

[2] When Edwards was twenty-two years old, he lived at his girlfriend's house and had sexual intercourse with her thirteen-year old sister, S.M. The State charged Edwards with three counts of felony child molesting on February 19, 2015.

[3] Edwards signed a plea agreement by which he agreed to plead guilty to one count, the State agreed to dismiss the two remaining counts, and the executed sentence was capped at thirty years. In the plea agreement, Edwards acknowledged that he was satisfied with his attorney, that he was entering his plea "freely and voluntarily, having been fully advised of his rights," and that he was "pleading guilty because he is guilty." *Appellant's App. Vol II* at 56.

[4] On April 26, 2016, the trial court conducted a hearing on the plea and reviewed the plea agreement with Edwards. At the hearing, Edwards confirmed that he understood the terms of the agreement, that no one had forced or threatened him, and that by pleading guilty he was admitting that he had committed the charged crime. The court found that Edwards understood "the nature of the charge" and "the possible penalty for the crime" and that his plea was "made

---

[1] *See* Ind. Code § 35-31.5-2-221.5.

freely and voluntarily and that there was a factual basis for the plea." The court accepted Edward's plea and entered judgment of conviction. *Tr. Vol II* at 16.

[5] On June 30, 2016, Edwards moved to withdraw his plea. Following a hearing, the trial court found that Edwards made his plea "freely and voluntarily" and that "he admitted to the crime." *Appellant's App Vol II* at 80. Finding "no manifest injustice," the court denied Edward's motion and sentenced him to thirty-two years with four years suspended to probation. *Id*.

## Decision

[6] In ruling on defendant's motion to withdraw a plea of guilty, the trial court should grant the withdrawal whenever the defendant proves that withdrawal is "necessary to correct a manifest injustice." *Brightman v. State,* 758 N.E.2d 41, 44 (Ind. 2001). The trial court's ruling is reviewable on appeal only for an abuse of discretion. *Ind. Code* § 35-35-1-4.

[7] An appellant seeking to overturn a trial court's decision faces a high hurdle under the current statute and its predecessors. *Coomer v. State, 652 N.E.2d 60, 62* (Ind. 1995). The trial court's ruling on a motion to withdraw a guilty plea arrives in this Court with a presumption in favor of that ruling. *Id.* A defendant has the burden to prove by a preponderance of the evidence and with specific facts that he should be permitted to withdraw his plea. *Ind. Code* § *35-35-1-4(e), Smith v. State*, 596 N.E.257, 259 (Ind. Ct. App. 1992).

[8] Here, Edwards has failed to demonstrate any such injustice. He pleaded guilty pursuant to a written plea agreement. At the hearing on his guilty plea on April

26, 2016, Edwards admitted that he reviewed the guilty plea before he signed it. The plea agreement that was filed with the court contained both Edwards' signature and that of his attorney. In the agreement, Edwards admitted that he had committed child molesting and that the decision to plead guilty was his decision based upon his free choice.

[9] The trial court held a hearing on Edwards' motion to withdraw and found that Edwards failed to "present specific facts" to justify the withdrawal of the plea agreement. *Tr. Vol II* at 80. At the hearing, Edwards claimed that he did not have time to analyze the text and Facebook messages before trial, but the record shows that Edwards was on notice of such messages long before his guilty plea. Indeed, the probable cause affidavit which was filed on February 19, 2015 disclosed that Edwards had sent text messages to S.M., and the State listed cell phone and Facebook records in its March 24, 2015 discovery disclosures. Edwards admitted that his attorney had the messages and that Edwards had reviewed them before entering his guilty plea.

[10] Edwards signed a plea agreement which stated that he was "pleading guilty because he is guilty." At his plea hearing, he testified that he understood that he was admitting that he committed the charged crime and that he understood he was pleading guilty to Level 1 felony child molesting and was doing so knowingly.

[11] Based on our review of the record, we conclude that Edwards has not overcome the presumption of validity of the trial court's denial of his motion to withdraw

his guilty plea, and the trial court did not abuse its discretion when it denied Edwards' motion.

Affirmed.

Mathias, J., and Altice, J., concur.