## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 12 2018, 5:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Weineke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert J. Price, II, *Appellant-Defendant,* | September 12, 2018 |
| v. | Court of Appeals Case No. 18A-CR-607 |
| | Appeal from the Vigo Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Sarah K. Mullican, Judge |
| | Trial Court Cause No. 84D03-1701-F3-113 |

**Tavitas, Judge.**

# Case Summary

Robert Price II appeals the trial court's denial of his motion to withdraw his guilty plea. We affirm.

# Issue

Price raises one issue, which we restate as whether the trial court properly denied Price's motion to withdraw his guilty plea.

# Facts

In January 2017, the State charged Price with the murder of Katie Nash. The State also alleged that Price was an habitual offender. In December 2017, Price and the State entered into a plea agreement. Price agreed to plead guilty to murder and "to accept the sentencing recommendations of the State of Indiana as set forth in this agreement." Appellant's App. Vol. II p. 68. The State agreed to recommend a sentence of sixty years in the Department of Correction ("DOC") and to withdraw the request for an habitual offender enhancement.

At the guilty plea hearing on January 2, 2018, the following discussion occurred:

> THE COURT: Do you understand that this Plea Agreement does not allow the Court to make any changes in your sentence unless the State of Indiana agrees to it first, so to - that if the Court accepts the Plea Agreement, and you are sentenced pursuant to the Plea Agreement, the Court will not be able to consider changing the sentence unless the State of Indiana agrees to it first –

THE DEFENDANT: Yes.

THE COURT: - do you understand that?

THE DEFENDANT: I do.

* * * * *

THE COURT: Do you understand that if you went to trial and were found guilty, you would have the right to appeal your sentence or conviction to the Indiana Supreme Court or the Indiana Court of Appeals?

THE DEFENDANT: I do.

THE COURT: And do you understand by pleading guilty you are waiving your right to appeal?

THE DEFENDANT: I do.

* * * * *

THE COURT: Knowing all of these, all of the things that I have explained to you, how do you plead to Murder, a Felony?

THE DEFENDANT: Guilty.

Guilty Plea Hrg. Tr. pp. 8-11. The trial court then took the plea agreement and the guilty plea under advisement and set the matter for sentencing.

[5]     On February 5, 2018, Price filed a motion to withdraw his guilty plea and plea agreement. Price alleged that he was "of the belief that he will lose his right to appeal and his right to post conviction relief if he enters into a voluntary plea of guilty . . . ." Appellant's App. Vol. II p. 100. At the sentencing hearing, Price argued that he wanted to withdraw his guilty plea to preserve his appeal rights and his post-conviction relief rights. Price indicated that he "did not quite understand" that he would lose his right to appeal by entering into the guilty plea. Sentencing Hrg. Tr. p. 8. The trial court denied Price's request to withdraw his guilty plea. Subsequently, the trial court entered judgment of conviction and sentenced Price to sixty years in the DOC pursuant to the plea agreement. Price now appeals.

## Analysis

[6]     Price argues that the trial court erred by denying his motion to withdraw his guilty plea. "A trial court's ruling on a motion to withdraw a guilty plea 'arrives in this Court with a presumption in favor of the ruling.'" *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001) (quoting *Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995)). We will reverse the trial court's decision only for an abuse of discretion. *Id.* "In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made by the defendant at his guilty plea hearing to decide whether his plea was offered 'freely and knowingly.'" *Id.* (quoting *Coomer*, 652 N.E.2d at 62).

[7] The withdrawal of a guilty plea before the imposition of a sentence is governed by Indiana Code Section 35-35-1-4(b), which provides:

> After entry of a plea of guilty . . . but before imposition of sentence, the court may allow the defendant by motion to withdraw his plea of guilty . . . for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. The motion to withdraw the plea of guilty . . . made under this subsection shall be in writing and verified. The motion shall state facts in support of the relief demanded, and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea of guilty . . . whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

[8] Consequently, the trial court "shall" allow a defendant to withdraw his guilty plea if the defendant proves it is "necessary to correct a manifest injustice." Ind. Code § 35-35-1-4(b); *Brightman*, 758 N.E.2d at 44. In all other cases, the trial court "may allow" the withdrawal of the guilty plea for "any fair or just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea." *Id.* The defendant "has the burden of establishing his grounds for relief by a preponderance of the evidence." I.C. § 35-35-1-4(e).

[9] Price argues that he "misunderstood the real ramifications" of the plea agreement and did not realize that he was giving up his right to appeal. Appellant's Br. p. 9. According to Price, these circumstances resulted in manifest injustice. At the guilty plea hearing, however, Price indicated he understood that he was waiving his right to appeal his conviction and sentence.

The trial court asked Price: "Do you understand that if you went to trial and were found guilty, you would have the right to appeal your sentence or conviction to the Indiana Supreme Court or the Indiana Court of Appeals?" Guilty Plea Hrg. Tr. p. 10. Price agreed that he understood. The trial court also asked Price: "[D]o you understand by pleading guilty you are waiving your right to appeal?" *Id.* Price again agreed that he understood. Further, as the State points out, Price's presentence investigation report reveals a lengthy criminal history and several previous guilty pleas. This was not Price's first guilty plea. The trial court was well within its discretion when it did not give credit to Price's claim of misunderstanding.

[10] Price has failed to prove by a preponderance of the evidence that a manifest injustice has occurred that must be corrected by allowing him to withdraw his plea of guilty. In the absence of a manifest injustice, it was within the trial court's discretion to grant or deny the motion. The trial court found that Price had "buyer's remorse" and had simply "changed his mind." Sentencing Hrg. Tr. p. 9. Under these circumstances, Price has failed to show the trial court abused its discretion when it denied Price's request to withdraw his plea of guilty. *See, e.g., Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (holding that the trial court did not abuse its discretion by denying the defendant's motion to withdraw his guilty plea), *trans. denied*.

## Conclusion

[11] The trial court did not abuse its discretion by denying Price's motion to withdraw his guilty plea. We affirm.

[12]    Affirmed.

Brown, J., and Altice, J., concur.