## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 28 2016, 9:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Debra S. Andry
Lawrence County Public Defender Agency
Bedford, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brandon D. Godsey, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | November 28, 2016 <br><br> Court of Appeals Case No. 47A01-1603-CR-547 <br><br> Appeal from the Lawrence Superior Court <br><br> The Honorable Michael Robbins, Judge <br><br> Trial Court Cause No. 47D01-1308-FA-1017 |

**Crone, Judge.**

## Case Summary

Brandon D. Godsey appeals his convictions for two counts of class A felony child molesting following his guilty plea pursuant to a plea agreement. His sole argument on appeal is that the trial court abused its discretion by denying his motion to withdraw guilty plea. Concluding that the trial court did not abuse its discretion, we affirm.

## Facts and Procedural History

Between May 2010 and March 2013, Godsey, who was at least twenty-one years old, had sexual intercourse with A.M.G., a child that Godsey knew was under twelve years old. Godsey also engaged in deviate sexual conduct with A.M.G. by touching her sex organ with his mouth. In August 2013, the State charged Godsey with three counts of class A felony child molesting. Godsey entered a plea of not guilty.

On August 25, 2015, Godsey entered into a plea agreement with the State in which he agreed to plead guilty to two counts of class A felony child molesting and the State agreed to recommend concurrent sentences of twenty-four years on each count and dismiss the third count. At the change of plea hearing, Godsey acknowledged that he understood that by pleading guilty he was admitting the truth of the allegations against him and that he was giving up certain rights. Tr. at 13. He also acknowledged that his plea was freely and voluntarily given. *Id*. at 14. Godsey testified under oath that he committed the acts that constituted the charges against him. *Id*. at 16-18. The trial court found

that there was a factual basis for the charged crimes, took Godsey's guilty plea and the State's motion to dismiss under advisement, and set the matter for sentencing.

[4] On August 28, 2015, the State submitted supplemental discovery to Godsey consisting of a police report ("the Police Report") from an unrelated investigation in which A.M.G. had recanted an allegation that she was the victim of a sex crime by a different man. On September 22, 2015, Godsey filed a motion to withdraw guilty plea, alleging that the Police Report contained exculpatory evidence and that withdrawal of the plea was necessary to correct a manifest injustice. On October 7, 2015, the trial court held a hearing on Godsey's motion and requested that the parties provide the court with a copy of the Police Report and submit memorandums of law. In his memorandum of law, Godsey argued that A.M.G.'s false allegations of sexual abuse against a different man were admissible evidence and that he was "entitled to withdraw his plea at this time in order to more fully develop this new information [and] be afforded the opportunity to weigh this evidence as he considers whether or not to proceed to trial." Appellant's App. at 51. On November 10, 2015, the trial court denied Godsey's motion on the ground that Godsey, after being fully apprised of his rights both in writing and by the trial court "did, by his voluntary admissions under oath, testify" that when he was over the age of twenty-one, he had sexual intercourse and engaged in oral sex with the twelve-year-old victim. *Id*. at 56.

On December 21, 2015, the same day as the sentencing hearing, Godsey filed a motion to reconsider, arguing that the Police Report contained evidence that "clearly impeaches the credibility of the alleged victim" and that the State violated his state and federal constitutional rights to due process by failing to provide him with exculpatory evidence. *Id.* at 59. The trial court denied the motion to reconsider and sentenced Godsey to twenty-four years on each count, with four years suspended to probation, to be served concurrently.

On January 20, 2016, Godsey filed a motion to correct error, arguing for the first time that the State violated Lawrence County Local Rules of Court by failing to provide him with the Police Report before he entered into the plea agreement with the State. On February 9, 2016, following a hearing, the trial court denied Godsey's motion. This appeal ensued.

## Discussion and Decision

Godsey challenges the trial court's denial of his motion to withdraw his guilty plea. Withdrawals of pleas are governed by Indiana Code Section 35-35-1-4(b), which provides,

> After entry of a plea of guilty … but before imposition of sentence, the court *may* allow the defendant by motion to withdraw his plea of guilty … for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. …. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court *shall* allow the defendant to withdraw his plea of guilty … whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

(Emphasis added.)

[8] Our supreme court has explained that

> [t]he court is *required* to grant [a motion to withdraw guilty plea] only if the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice. The court must *deny* a motion to withdraw a guilty plea if the withdrawal would result in substantial prejudice to the State. Except under these polar circumstances, disposition of the petition is at the discretion of the court.

*Coomer v. State*, 652 N.E.2d 60, 61-62 (Ind. 1995) (citation and quotation marks omitted). The defendant "has the burden of establishing his grounds for relief by a preponderance of the evidence." Ind. Code § 35-35-1-4(e). The defendant is "required to demonstrate (1) a fair and just reason for withdrawal of the guilty plea and (2) no reliance by the State that resulted in substantial prejudice." *Davis v. State*, 770 N.E.2d 319, 327 (Ind. 2002). "Trial court rulings on [motions to withdraw guilty plea] are presumptively valid, and parties appealing an adverse decision must prove that a court has abused its discretion." *Id*. at 326. "A trial court abuses its discretion only 'when the failure of the trial court to grant the motion would result in ... a manifest injustice.'" *Id*. (quoting *Weatherford v. State*, 697 N.E.2d 32, 34 (Ind. 1998)).

[9] Godsey argues that the Police Report contained exculpatory evidence and that the State's failure to disclose that evidence prior to the entry of his plea agreement violated his due process rights under Article 1, Section 13 of the Indiana Constitution and the Fourteenth Amendment to the United States

Constitution. However, at the hearing on his motion to correct error, Godsey acknowledged that in *United States v. Ruiz*, 536 U.S. 622, 633 (2002), the Supreme Court held that federal due process guarantees do not require the government to disclose impeachment information prior to entering a plea agreement with the defendant, and Godsey conceded that *Ruiz* "directly contradict[s] our position in the motion to correct error with regard to the arguments on the Federal Constitutional issue." Tr. at 50. Godsey also conceded that *Ruiz* was dispositive of his state constitutional claim. *Id.* at 50-51. By abandoning his constitutional arguments, Godsey invited any error with respect to those claims. *See Chem. Waste Mgmt. of Indiana, L.L.C. v. City of New Haven*, 755 N.E.2d 624, 631 n.4 (Ind. Ct. App. 2001) (concluding that because appellant abandoned argument at the trial level, appellant invited any error as to that issue). Invited error is not subject to appellate review. *Id.*

[10] Godsey also argues that the State violated Lawrence County Local Rules LR47-TR26-111(C)(1)(g) and -(h). However, Godsey raised this argument for the first time in his motion to correct error, and therefore it is waived. *See Shepherd Props. Co. v. Int'l Union of Painters & Allied Trades*, 972 N.E.2d 845, 849 n.3 (Ind. 2012) ("It is well established that a party may not raise issues for the first time in a motion to correct error.").

[11] Waiver notwithstanding, Godsey's argument is unavailing. LR47-TR26-111(C)(1)(g) requires the State to disclose "any record or prior criminal convictions that may be used for impeachment of the persons [whom] the State intends to call as witnesses at any hearing or trial." Godsey conceded at the

hearing on his motion to correct error that *Ruiz* was controlling and contrary to his position that the State's noncompliance with this rule justified his withdrawal of his guilty plea. Tr. at 51. As with his constitutional claims, Godsey invited any error with regard to this rule, and therefore any error is not subject to our review. *See Chem. Waste Mgmt.*, 755 N.E.2d at 631 n.4.

[12] LR47-TR26-111(C)(1)(h) requires the State to disclose "any material or information within its possession or control that tends to negate the guilt of the accused as to the offenses charged or would tend to reduce the punishment for such offenses." Godsey argues that the evidence of A.M.G.'s false allegation is material because it calls into question her credibility. However, impeachment evidence is not information that tends to negate the guilt of the accused, and therefore LR47-TR26-111(C)(1)(h) does not apply to the Police Report.

[13] We conclude that Godsey has failed to carry his burden to show that the trial court abused its discretion in denying his motion to withdraw guilty plea. *See Coomer*, 652 N.E.2d at 63 (concluding that denial of motion to withdraw guilty plea was within trial court's discretion and did not constitute manifest injustice). Therefore, we affirm his convictions.

[14] Affirmed.

Kirsch, J., and May, J., concur.